10   241
e124  805

No. 34.—PERKINS, HOPKINS & WHITE and others, plaintiffs in *fi. fa.* and in error, *vs.* GEORGE PATTEN, claimant and defendant in error.

[1.] Where a suit was commenced against two defendants, residing at that time in Marion County, and before trial and judgment, the new County of Macon was created by the Legislature, embracing that portion of the territory of Marion on which the defendants resided, and there being no provision in the Act for the transfer of suits pending in the old to the new County: *Held,* that by operation of law, under the provisions of the Constitution, that the new County of Macon was the proper County for the *trial* of the cause, that being the County *wherein the defendants resided,* and that

VOL X 31

Perkins *et al. vs.* Patten.

the judgment rendered in the latter County was a good and valid judgment.

[2.] Where a deed of conveyance includes several tracts or lots of land, and is attacked as being fraudulent, the vendor remaining in possession of the whole or any part of the land conveyed by the deed, is *prima facie* evidence of fraud as against creditors, unless the possession is satisfactorily explained.

Claim, in Macon Superior Court. Tried before Judge WARREN, March Term, 1851.

Perkins, Hopkins & White and C. & G. H. Kelsey & Halsted, having *fi. fas.* issued from the Inferior Court of Macon County, against *Curtis & Brown,* levied on certain property, which was claimed by George Patten.

On the trial of the issues founded on the claims, (by consent tried together,) the claimants offered in evidence, exemplifications of the proceedings and judgments on which the executions of the plaintiffs in *fi. fa.* issued, announcing as the sole purpose to show that the *fi. fa.* in favor of Perkins, Hopkins & White was void, because the suit was commenced in the Inferior Court of Marion County, and when the new County of Macon was laid out, (the defendants living therein,) the suit was transferred to the Inferior Court of the new County of Macon, without any legislative provision or order of the Inferior Court of Marion County ; and that the *fi. fa.* in favor of C. & G. H. Kelsey & Halsted was void, because the names of the parties in the exemplification were different from those stated in the execution.

In his argument to the Jury, counsel for claimant contended, that the latter execution was also void, because the exemplification did not show that the defendants had ever been served. Counsel for plaintiffs contended before the Court, that this was not the proper time or place to make these objections, on the ground, that being judgments from another Court of competent jurisdiction until reversed, they were conclusive, unless impeached for fraud, and the last objection sprung by claimants' counsel was wholly irregular, and could not be taken. All of which positions the Court overruled, and the plaintiffs excepted.

Perkins *et al. vs.* Patten.

Plaintiffs' counsel then stated to the Court, that he knew that the original declaration showed service as to the defendants; that the record was imperfect, as might be seen by inspection—all the other cases being recorded in the same way by the Clerk then in office—and moved to postpone the case in order to find the original papers and perfect the record, and for the purpose of proving that the defendants had been actually served. The Court overruled the motion, because the Judge's docket showed that the plaintiffs' continuances had been exhausted, although the last entry in the case was of a mistrial. To this decision plaintiffs excepted.

Plaintiffs' counsel then moved the Court, as it was late in the evening, to suspend until next morning, in order that the original papers might be found, and a correct exemplification obtained. Which motion was refused, and plaintiffs excepted.

Plaintiffs' counsel then moved the Court to direct the Jury to find upon the facts, without regard to these exemplifications, reserving these questions to be disposed of on a motion to set aside the verdict. This motion was refused, and plaintiffs excepted.

The Court charged the Jury, that if the exemplification of the record of the case of Perkins, Hopkins & White *vs.* Curtis & Brown, showed that the suit was commenced in the Inferior Court of Marion County, and afterwards the suit was transferred to Macon County, and judgment thereon rendered; that the judgment was void, and the property not subject, notwithstanding the defendants were residents of Marion County when sued, and previous to judgment were attached to and incorporated in the County of Macon; and that if the exemplification of the record of the case of C. & G. H. Kelsey & Halsted *vs.* Curtis & Brown, showed that the defendants had not been served, the judgment was void. To which charge plaintiffs in *fi. fa.* excepted.

Counsel for plaintiff requested the Court to charge, that "if after the deed from defendant, Curtis, to claimant, Patten, Curtis continued in possession of the property conveyed, or any

part thereof, it was *prima facie* evidence of fraud as against creditors, unless the possession was satisfactorily explained."

The Court refused so to charge, but instructed the Jury, that if Curtis remained in possession of only a part of the premises conveyed, (if the premises were in separate settlements,) then the possession was *prima facie* evidence of fraud only as to the part of the premises in actual possession," &c. To which charge and refusal to charge plaintiffs excepted.

On these several exceptions error was assigned.

LYON, for plaintiff in error.

The exemplification of the records of Perkins, Hopkins & White *vs.* Curtis & Brown, and of C. & G. H. Kelsey & Halsted, were wholly inadmissible- for the purposes for which they were introduced, and ought to have been rejected by the Court.

The Court ought not to have allowed the judgments from the Inferior Court to be impeached, set aside or attacked as they were, because said Court had no jurisdiction over said judgments, nor could they have been attacked in this way in the Superior Court, until they had been first reversed or vacated by the Court from which they were rendered, except for fraud. *Mobly vs. Mobly,* 9 *Ga. Rep.* 247. *Preston vs. Clark,* 9 *Ib.* 244.

The Court ought to have allowed the continuance, that justice might have been done—the plaintiffs having been surprised from no fault of theirs. *Howell vs. The State,* 5 *Ga. Rep.* 4 *and* 5 *Common Law Rule.*

The claimant having introduced the record of C. & G. H. Kelsey & Halsted *vs.* Curtis, Brown & Co. for a specific purpose, could and ought not to have been allowed to have used it for a totally different purpose. *Williams vs. Chapman,* 7 *Ga. Rep.* 470.

The Court erred in its charge, in holding that if the exemplification of the record of Perkins, Hopkins & White *vs.* Curtis & Brown, showed that the suit was commenced in the Inferior Court of Marion County, and was afterwards transferred to Macon, and a judgment there rendered, that the judgment was void and the property not subject, and they should so find, notwithstand-

Perkins *et al. vs.* Patten.

ing that, at the commencement of the suit, defendant resided in the County of Marion, and that subsequently and previous to the rendition of the judgment, the residence of the defendant was attached to and incorporated in the County of Macon, because, 1st. That judgment, in that issue and in that Court, could not be attacked or impeached in that collateral way. *Mobly vs. Mobly,* 9 *Ga. Rep.* 247. *Preston vs. Clark, Ib.* 244. And 2d, the judgment was valid and subsisting, and was rendered in the proper forum under the law—the suit having been commenced, and defendants having been properly served in the County in which they *then* resided, and afterwards and before the rendition of a judgment in said suit, their residence being changed from the County of Marion by act of the law, that act changing their residence, necessarily and properly, without so many words, changed and transferred this suit against themselves then pending, at the change of residence by legislative enactment, into the County into which their residence was changed, to wit: the new County of Macon, and a judgment could not properly be rendered elsewhere. *Constitution, Cobb's Digest,* 1121. *Tidd's Practice.*

The Court erred in its charge to the Jury, that if they believed from the inspection of the exemplification introduced to them of the cause of C. & G. H. Kelsey & Halsted *vs.* Curtis & Brown, that the defendants had not been served, that the judgment was void and the property not subject consequently, and that they should so find, and that it was perfectly competent for the claimant, under the circumstances and on this trial of the right of property, to avail himself of these objections if he thought proper, because said exemplification was not introduced for purpose of proving this fact, but a different one. *Chapman vs. Williams,* 7 *Ga. Rep.* 470.

Neither was this the proper time or place for claimant to avail himself of these objections.

The Court erred in his charge to the Jury as to the fraud. He should have charged the Jury as requested by plaintiffs' counsel, and that the possession must have been changed at the date of the deed, wholly, completely and absolutely, or it was

*prima facie* evidence of fraud as to the whole of the land conveyed. His whole charge as to this point was an error. *Peck vs. Land*, 2 *Kelly's Rep.* 1. *Carter vs. Standfield*, 9 *Ga. Rep.* 49. *Beers et al. vs. Dawson*, 9 *Ga. Rep.* 556.

W. H. ROBINSON, for defendants.

1. If evidence is allowed to go to the Jury without objection, it is too late after the case is closed on both sides to object to it. 9 *Geo. R.* 366.

2. The pleadings must be looked to, and not incidental remarks of counsel, to see what is relied upon. *Judiciary*, 99.

3. After continuances of party are exhausted on appeal, he cannot again continue except for Providential cause. *See Rule of Court.*

4. After trial commenced, it is entirely within the discretion of the Court to postpone the case or not. 3 *Wendell*, 376. 2 *John. Cases*, 318.

5. If one party allows the other to go to the Jury with evidence, and rest his case upon it until he has made his closing speech upon it to the Jury, he cannot then object to it, nor can the Court exclude it from its charge to the Jury. 2 *Kelly's Rep.* 24.

6. Plaintiff's judgment void. 9 *Ga. Rep.* 244, 250.

7. That vendor's possession after sale is badge of fraud only to extent of such possession. *Chitty on Cont.* 693, '4.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] This was a claim case, and the plaintiffs in execution were endeavoring to subject the property to two judgments—one obtained in favor of Perkins, Hopkins & White against Curtis & Brown, the other obtained in favor of C. & G. H. Kelsey against Curtis & Brown. On the trial of the claim, an objection was taken to the execution in favor of Perkins, Hopkins & White, on the ground that it was *void*, because the original suit against the defendants was commenced in the Inferior Court of

the County of Marion, in which the defendants resided at that time, but while the suit was pending, that part of the County of Marion in which the defendants resided, was, by an Act of the Legislature, included within the limits of the new County of Macon, and there was no provision in the Act creating the new County of Macon, to transfer the suits pending in the County of Marion, nor any order of the Court, ordering such suits to be transferred from the County of Marion to the new County of Macon, in which the judgment was rendered. Upon this state of facts, it is insisted that the judgment rendered in Macon County, in a suit which was commenced in Marion County, is void, because the Court in Macon had no jurisdiction of the case or the parties. How the case got from Marion to Macon County does not appear. There is no provision in the Act of 1837, organizing the new County of Macon from the territory of the Counties of Houston and Marion, for the transfer of any suits from either of those Counties to the new County. The 7th section of the Act creating the new County provides, that the Inferior Courts shall be held therein, on the second Mondays in May and Nov. of each and every year. By the first section of the 3d article of the Constitution of this State, it is declared, that " All civil cases (except in cases respecting the titles to land,) *shall be tried in the County wherein the defendant resides." Prince,* 910. By the new organization of the Counties, the defendant resided in Macon County, without any change of his location. By operation of law, he becomes a citizen of the County of Macon, and is bound, with his neighbors, to perform all his civil duties in that County. His neighbors perform Jury duty in the Courts of the new County, and not in the old, so that if his legal rights are to be determined by a Jury from the *vicinage,* the trial must be had in the *new County.* But, in our judgment, the Constitution settles the question, that the *trial* of the cause was properly had in the new County of Macon, for the reason that was the County *wherein he resided.* If the Constitution did not give the right to have the cause tried there, an enactment of the Legislature, transferring the cause from the old to the new County could not confer it.

The jurisdiction for the *trial* of the cause is fixed by the Constitution to be in the County *wherein the defendant resides.* The suit was properly commenced in Marion County, as the defendants resided there at that time, but the new County of Macon being organized, in which the defendants resided, the suit was necessarily transferred, by *operation of law,* from the County of Marion to the new County of Macon *for trial,* in accordance with the provisions of the Constitution. Such then, in our judgment, being the legal effect of the creation and organization of the new County, under the Constitution, in regard to the rights of the parties in the original suit and the *trial thereof,* the judgment rendered in the Inferior Court of Macon County is a good and valid judgment, and binding on the parties, until set aside for some other cause, if any exists.

[2.] It appeared on the trial, that the defendant in execution conveyed all the property levied on to the claimant, by *one deed of conveyance.* That deed was attacked for fraud against creditors, on the ground that the defendant remained in possession of a *part* of the property so conveyed, which was a badge of fraud, and unless satisfactorily explained, would vitiate the deed. The land conveyed by the deed consisted of different tracts or lots.

The counsel for the plaintiff in execution requested the Court to charge the Jury, that " If after the execution of the deed from defendant, Curtis, to Patten, the claimant, Curtis continued in possession of the property conveyed, or *any part thereof,* it was *prima facie* evidence of fraud as against creditors, unless the possession was satisfactorily explained."

The Court refused so to charge the Jury, but instructed them, " That if Curtis remained in possession of only a part of the premises conveyed, (if the premises were in separate settlements,) then the possession was *prima facie* evidence of fraud only as to the part of the premises in the actual possession of the defendant," &c. We think the Court erred in not giving the instruction as requested, and in giving the charge to the Jury as stated in the record. The idea of the Court appears to have been, as we understand it, that the possession of the vendor was only *prima facie* evidence of fraud as to the *particular lot* or

tract of land of which he remained in possession after the sale, whereas the fraud is alleged against *the deed* which conveys all the property. The plaintiff in execution alleges *the deed of conveyance* is fraudulent as against creditors, and that the defendant remaining in possession of *part* of the property conveyed, is *the evidence of it;* that such possession is a circumstance going to show a *secret* understanding between the parties, that the conveyance was made for the benefit of the debtor; that the possession of a *part* of the property conveyed by the vendor, is an evidence of a *trust* reserved between the parties, for the benefit of the vendor and his family, which goes to show the whole transaction to have been *covinous,* and evincing the *intention* of the parties, subject, however, to be satisfactorily explained, as was ruled by this Court in *Peck vs. Land,* 2 *Kelly,* 12. The request of the plaintiff's counsel made to the Court to charge the Jury, embodies the legal principles applicable to this case, and, in our judgment, ought to have been given as requested. In the view which we have taken of this case, it will not be necessary to notice the other grounds of error taken in regard to the validity of the Kelsey *fi. fa.* or the refusal of the Court to postpone the trial of the cause, as the difficulties then suggested will doubtless be obviated on the new trial, if the position assumed by the counsel for the plaintiff in error be correct as to the original judgment.

Let the judgment of the Court below be reversed, and a new trial granted.