No. 106.—John B. Willcoxon, administrator, plaintiff in error, vs. Harrison Eason, defendant.

[1.] Mere inadequacy of price is not, *per se*, sufficient to set aside a contract, if not so gross as to prove fraud or imposition.

[2.] Where the inadequacy is so great as to give to the transaction the character of unreasonableness and hardship, the Court and Jury will stay the exercise of their discretionary power, in enforcing a specific performance.

[2.] Where relief is refused, the Courts sometimes leave the party to seek his compensation in damages at Law, on account of the money paid; but wherever a rescision of the agreement is decreed, the better practice is, to require the purchase money to be refunded.

In Equity, in Coweta Superior Court.   Decided by Judge Bull, September Term, 1855.

This was a bill filed by Harrison Eason, against John B. Willcoxon, administrator of Moses Kelly, deceased, Thomas M. Kelly, John C. Wright and Bailus Dyer, setting forth the following case: That in 1849, the said Moses Kelly, then in life, being old and infirm, and being deserted by his family, moved by consideration of love and affection towards complainant and his wife, who was the neice of said Moses, as well as in consideration of a bond given by complainant to take care of and maintain him as long as he lived, (and which obligation complainant alleged that he faithfully performed,) he, the said Moses Kelly, executed to complainant a deed of gift of all his estate, both real and personal.

Afterwards, Moses Kelly died intestate, leaving his property in complainant's hands, and leaving a widow and four children, one of whom was the defendant, Thomas M. Kelly, and two of whom being daughters, had intermarried with defendants, Wright and Dyer; that after the death of Moses Kelly, his family threatened complainant with law suits to set aside the said deed; and he, to avoid litigation, paid to the said Kelly, Wright and Dyer, two hundred dollars each,

Willcoxon, adm'r, *vs.* Eason.

and took from them, under seal, a full release and acquittance of all their respective shares in said estate.

That afterwards, defendant, John B. Willcoxon, obtained letters of administration on the estate of Moses Kelly, and commenced an action against complainant for the property; which action was compromised by complainant surrendering the property and taking from the said Willcoxon an obligation to pay to him. as soon as the estate could be wound up, three-fifths thereof, being the shares of said Kelly, Wright and Dyer, upon condition that complainant would procure and furnish to him full receipts from the said parties of their distributive shares in the estate. Complainant alleged that he made this compromise in the belief that Kelly, Wright and Dyer would give him the desired receipts for the administrator without difficulty; but they refused to do so, and the administrator is about to turn over said distributive shares to them; wherefore, complainant filed his bill, praying that Willcoxon be enjoined from paying said shares to Kelly, Wright and Dyer, and that he be decreed to pay them to complainant, and that Kelly, Wright and Dyer, be decreed to give their receipts therefor to the administrator.

To this bill defendants demurred generally, for want of Equity.

The demurrer was over-ruled, and this decision is alleged as error.

SIMMS, for plaintiff in error.

BUCHANAN & McKINLEY, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] We think this bill should be retained till the hearing, or at least, until the answers of the defendants come in. Willcoxon is but a stake holder, the real parties being Eason and the distributees of Moses Kelly. If the purchase made of the three distributees is founded upon a consideration so

grossly inadequate as that, in connection with other circumstances attending the transaction, it cannot be enforced, let a Court and Jury decree its rescision.    But before this is done, the money paid by Eason should be refunded.

[2.] The main question involved, is one which addresses itself peculiarly to the consideration of a Special Jury.    It is for them, rather than for the Court, to say whether the inadequacy of the price paid by Eason for these distributive shares, is so great as to give to the contract the character of unreasonableness and hardship; so much so, as to induce them to stay the exercise of their discretionary power in enforcing its performance.

[3.] We are aware, that under such circumstances, the party is sometimes left to seek his compensation in damages at Law.    We think it, however, better every way, that the whole matter should be settled by one decree.    It saves expense and delay, and more complete justice is likely to be done.