## THE CITY BANK OF MACON *vs.* CROSSLAND *et al.*

1. Depositors in a bank that has failed may proceed at law for the recovery of their debts under §3367 *et seq.* of Code, and thus enforce the ultimate liability clause of the charter as against the stockholders; or they may seek in an equitable proceeding satisfaction out of the assets legal or equitable, and also a decree against the bank for the full amount of their debts, as a basis for proceeding against the stockholders.

2. The failure of the bill to accomplish all of its purposes on account of the insufficiency of evidence to sustain the allegations, as for instance to secure the appointment of a receiver, or to annul the assignment, would not deprive a court of equity of jurisdiction to decree what was proper in the case, as the amount of complainants' debts against the bank.

3. It is not apparent but that complainants, under the provisions of the Code, could have proceeded by petition or bill in equity to obtain these judgments, and as all the property of the bank has been transferred to an assignee, and could not be the subject of levy and sale,

being equitable in its nature, the creditors had clearly the right to obtain the decree in this case, and when they seek to enforce the same against the property of the stockholders, their defenses are preserved as in cases of illegality ; and should they pay the amount claimed of.them, they would be subrogated to all the rights of complainants to administer the assets in the hands of the assignee.

4. The refusal to decree in favor of creditors of the bank not before the court was proper. It would be in the power of the assignee to appropriate the assets to their debts under the provisions of the deed of assignment, without decree.

5. The receiving payment of sixty per cent. of complainants' debts, and the ratification thereby of the deed of assignment, did not impair their right to seek satisfaction of their claims thus reduced, by a legal or equitable proceeding against the assets of the bank, or the stockholders.

Equity. Banks. Corporations. Stockholders. Before Judge SIMMONS. Bibb Superior Court. October Adjourned Term, 1879.

Reported in the opinion.

R. F. LYON; WHITTLE & WHITTLE, for plaintiff in error.

HILL & HARRIS; LANIER & ANDERSON; BACON & RUTHERFORD, for defendants.

HAWKINS, Justice.

In June, 1869, Crossland and other depositors and creditors of the City Bank of Macon, filed their bill on the equity side of the court, in Bibb county, against said corporation and Thomas B. Gresham, its assignee, asking an injunction—that the assets of the bank (which had by the deed of assignment of the bank been conveyed to said assignee) should be taken out of the hands of said Gresham and put in the hands of a receiver of the court, to be collected, and the proceeds preserved and applied to the payment of the just debts due by said bank, and

praying among other things, a judgment or decree against said bank for the respective amounts due said complainants, so as to proceed against the stockholders of said bank, as the law provided. The object of the bill was two-fold, to subject the assets and property of the corporation to the payment of the just debts, and to obtain decrees for the debts of complainants preparatory to enforcing the same against the stockholders under the personal liability clause in the charter of said bank, and according to the provisions of the Code to enforce the same.

On the application for the appointment of a receiver, and a writ of error, this court held that there was no necessity for a receiver in the case at that time, but that the bill was or could be made to accomplish all that the complainants were entitled to, and if, in the pendency of the cause, the appointment of a receiver should be deemed necessary, the superior court could then act upon the matter.

The defendant and assignee answered this bill, and in the answer of the assignee exhibited a full statement of the debts and assets of said corporation.

Neither the stockholders, or other of the creditors, except the complainants, were or ever did become parties to said bill, either as complainants or defendants, by appearance and pleading.

The cause was, by order of the presiding judge, referred to a master to take the account between the parties, to report to the court the amount due complainants, the amount of assets and available property in the hands of Gresham, the assignee, the stockholders of the bank, and the amount owned by each.

On the hearing, the amounts due by the bank to complainants respectively were ascertained and so found; also the names of the stockholders and amount owned by each, and the amount of assets in the hands of the assignee.

The report was made to the superior court, and the defendant, the City Bank, filed exceptions thereto, which were overruled and disallowed by the court, when, on motion of the complainants, the court, upon the report of the master, allowed and decreed to each of the complainants a judgment against the City Bank for the amount of the balance respectively due to each of them, and interest thereon, with costs of the proceeding.

To which the defendant objected, and excepts upon the grounds:

1, 2. That such a decree would not cover the issues made by the bill.

3. This was the province of a court of law, and for that alone a court of equity had not jurisdiction.

4. If this was a creditors' bill against the bank and its assignee to marshal and condemn its assets to the payment of its debts, such a decree would fall short of the intended scope and object of said bill.

5. As the complainants had, as creditors, ratified and accepted this assignment by the receipt of dividends, they were bound thereby, and any decree that did not dispose of the assets for the benefit of creditors was inequitable to the stockholders.

5. Said decree would settle nothing and leave the parties where it found them. The court should dispose of all the assets in the hands of the assignee for the benefit of creditors.

The corporation is the only defendant that complains here by writ of error. Neither Gresham, the assignee, any stockholder, or any creditor save the complainants, are before this court, and therefore we will consider and decide this case between the parties to the record.

1. Whether the complainants were properly in a court of equity under the allegations in the bill, and the prayer for relief, is therefore the main question here. It will be conceded, we apprehend, that the depositors who had placed their money in the bank of the defendant for safe

keeping, and who failed to get the same on demand, had some cause of action either at law or in equity, or both, and it was conceded that these debts, except the interest claimed, were just debts against the said defendant. They might have brought their several suits at law for the recovery of their judgments, and then proceeded to enforce the same either out of the property of the bank that was subject to seizure and sale, or in default of property as evidenced by a return of *nulla bona*, proceeded to levy and sell the property of the stockholders, as is provided in the Code of Georgia, §3367 *et seq.*, to respond to plaintiffs, as the ultimate liability clause in the charter of the bank provides; or they might have sought in an equitable proceeding, satisfaction of their claims out of the assets, legal or equitable, and also the obtainment of a decree against the bank for the full amount of their debts, principal and interest. And if the bill failed in the accomplishment of all its purposes, by reason of the insufficiency of evidence to sustain the allegations, still it would be a good bill for the obtainment of some of its objects. For instance, the failure to have a receiver appointed, or to annul the assignment, could only be finally determined on the trial, and the failure of these could not be said to deny to a court of equity the jurisdiction and right to decree what was proper in the case, as to decree the amount of complainants' debts, with interest thereon, so as to enforce payment from the stockholders.

3. It is not apparent to us but that complainants, under the provisions of the Code, could have proceeded by a petition or bill in equity to obtain these judgments, and as it appears from the facts in this case that all the property of the bank had been transferred to an assignee, and could not be the subject of levy and sale, being equitable in its nature, the creditors of the bank had clearly the right to obtain the decree in this case, and when they seek to enforce the same against the property of the stockholders, then their defenses are preserved as in cases of illegality,

and should they pay these respective amounts, we apprehend they will be subrogated to all the rights of complainants to administer the assets in the hands of the assignee.

4. It would have been a strange proceeding to have decreed, as complainants desired, in favor of the other creditors against the bank, who by the pleadings were not so asking, or to give judgment or decree against the assets in the hands of the assignee, when said assignee did not so consent to pay; besides, it is in his power without decree to appropriate the assets to the payment of the debts, according to the provisions of the deed of assignment, without a decree. Much less can this court require and adjudge the same or either in this case, wherein the bank and the complainants are the only parties to this writ of error.

5. If the assignee, the stockholders, or the other creditors were dissatisfied with the decree rendered in the court below, they have not complained here. The receiving payment of sixty per cent. of complainants' debts, and the ratification thereby of the deed of assignment, did not impair their right to seek satisfaction of their claims, thus reduced, by a legal or equitable proceeding against the assets of the bank, or the stockholders.

Judgment affirmed.