DURHAM & ELROD *v.* RAMHURST LUMBER COMPANY *et al.*

LUMPKIN, J. 1. An action was brought by a firm against a corporation. The case was referred to an auditor, whose report was in part to the effect that there was no cause of action in favor of the firm against the defendant, though there might be one in favor of one of the individual members of the firm; and that a set-off which was claimed by the defendant against such partner could not be asserted in this action. Exceptions were filed to the report, which were "overruled" and "stricken," and the case was brought to this court by writ of error. While it was pending here a petition was presented, showing that the defendant in the trial court had been adjudicated a bankrupt, and that the petitioner had been appointed trustee in such proceeding and duly qualified, and praying that he be made a party. The facts alleged were agreed to be true, and no objection to the making of such party was urged. *Held,* that such trustee will be made a party in this court.

(*a*) The petition of the trustee further alleged that in the court of bankruptcy the plaintiff firm filed another claim against the defendant as a bankrupt, and that this had been disallowed by the referee, and no appeal had been taken from his decision. It was prayed that the matter be held res adjudicata by this court. *Held*, that an original plea of res adjudicata can not be set up in the Supreme Court.

2. From the recitals in the bill of exceptions and the judgment contained in the record it is not clear whether the judge dismissed the exceptions to the auditor's report because they were not sufficient in form or overruled them because they were not meritorious in substance. In either event it can not be held that the ruling required a reversal.

3. Under the facts, the proceeding became sufficiently one of an equitable character to fall within the rule declared in the Civil Code (1910), §§ 5141, 5142, touching the mode of dealing with exceptions of fact in equitable actions. *Stone* v. *Risner*, 111 *Ga.* 809 (35 S. E. 648); *Collinsville Granite Co.* v. *Phillips*, 123 *Ga.* 830 (51 S. E. 666); *Fitzpatrick* v. *McGregor*, 133 *Ga.* 332 (65 S. E. 859, 25 L. R. A. (N. S.) 50); *Wilson* v. *Granger*, 134 *Ga.* 680 (68 S. E. 514).

*Judgment affirmed. All the Justices concur.*

MAY 11, 1916.

Exceptions to auditor's report. Before Judge Fite. Murray superior court. May 14, 1915.

*H. H. Anderson* and *R. Noel Steed,* for plaintiffs.

*C. N. King* and *W. E. Mann,* for defendants.

