### EDWARDS *v.* NATIONAL INVESTMENT COMPANY.

RUSSELL, C. J. 1. As appears from the record, the judge of the superior court referred the case to an auditor, there being a prayer in the plaintiff's petition that the cause be referred to an auditor. In this equitable proceeding it was within the power of the judge to refer the case to an auditor, or to decline to so refer it, as the court might think proper; but a party who prays for reference of a cause to an auditor will not thereafter be heard to complain that the cause was so referred; nor is it within the right of any party to select or reject any particular person to be appointed by the court.

2. The auditor having been appointed by the court in the exercise of its prerogative, the question of prejudice, bias, or other disqualification of the auditor should have been raised before the auditor himself and for his decision in the first instance. Since it appears from the report of the auditor that no such question was raised, the exception to that report on this ground is not sufficient to present the error of which the petitioner complains.

3. The court did not err in disallowing the exceptions to the auditor's report, for want of compliance with the requirements of the law as set

forth in the Civil Code (1910), § 5135. The exceptions of law and fact are not classified as required by law; and in the main the exceptions are argumentative in nature, instead of presenting a clear and distinct statement of why the findings of the auditor are error either as matter of fact or as matter of law.

4. The court having properly approved the finding of the auditor, wherein the latter sustained the demurrers to the plaintiff's petition, and there being thereafter nothing before the court except the counter-claim of the defendant, the court did not err in entering judgment therein in favor of the defendant, especially as the defendant's counter-claim was admitted without objection on the part of the plaintiff, and the alleged wages-sale assignment was admitted with plaintiff's consent.

*Judgment affirmed. All the Justices concur.*

No. 8114. JUNE 12, 1931.

888

*J. L. R. Boyd* and *Orin J. Bundy,* for plaintiff.
*R. R. Jackson,* for defendant.