BRADLEY *et al.,* executors, *v.* DeLOACH, administrator, *et al.*

GILBERT, J. 1. "The language, 'a valuable consideration,' in the Civil Code, § 6048, means a consideration 'founded on money, or something convertible to money, or having a value in money, except marriage, which is a valuable consideration;' and such valuable consideration must flow to the plaintiff in execution. The principle embodied in section 6048 of the Civil Code is not applicable where the plaintiff in execu-

tion receives no benefit from a release, but a third person incidentally receives a benefit therefrom." *Saunders* v. *Citizens First National Bank of Albany*, 165 *Ga.* 558 (3) (142 S. E. 127).

2. "The finding of an auditor on an issue of fact when the evidence is conflicting, which has been approved by the judge of the superior court, will not be disturbed by this court." *Lamar* v. *Allen*, 108 *Ga.* 158 (33 S. E. 958); *Crim* v. *Alston*, 169 *Ga.* 852 (151 S. E. 807). The auditor found, and the judge of the superior court approved the finding of the auditor to the effect that the holder and transferee of the executions of Bank of Reidsville and Evans County Bank released a tract of land containing 750 acres on which the executions constituted liens.

3. The auditor found, and the judge of the superior court approved the finding, that the release just mentioned was based upon a valuable consideration, and that such release was a satisfaction of the execution to the extent of the value of the property so released, in so far as it affected the Claxton Bank. This finding was authorized, notwithstanding the fact that the valuable consideration ($2000) which was received by the transferee of the executions was credited on one of the executions for which the transferee had paid full value. The fact that the amount received was paid on the execution, nevertheless, was a benefit to the transferee, and, in the circumstances stated, amounted to valuable consideration under the authority cited above.

4. The auditor found, and the judge of the superior court approved the finding, that the amounts due on the executions held by the transferee, to wit, that issued to Bank of Reidsville and that issued to Evans County Bank, were respectively $1554.95 and $2982.47, which finding is accepted as true by said transferee. The evidence shows that the 750-acre tract of land released was of the minimum value of $17,500, and that accordingly, as to the Claxton Bank, the lien of the executions was released or waived in so far as it affected the Bank of Claxton. This finding was authorized under the law and the evidence.

5. Where the holder of two executions releases property from the lien of both, and as a consideration therefor receives cash payment which is credited upon one of the executions, the consideration applies to the release on both, and has the same legal result as if the amount received had been credited, part on one execution and part on the other.

6. The above rulings control the entire issue, and render it unnecessary to decide other questions.

*Judgment affirmed. All the Justices concur.*

No. 9260. DECEMBER 15, 1932.

*Lawton & Cunningham,* for plaintiffs.

*P. M. Anderson* and *R. M. Girardeau,* for defendants.