MITCHELL *v.* TURNER, administratrix, *et al.*

BELL, Justice. 1. Where, in an equitable action by an administratrix de bonis non, against the surety on the bond of her deceased predecessor and another person as alleged fraudulent grantee of the surety, the plaintiff sought injunction, cancellation, and a money judgment for assets received and unaccounted for by the former administrator, and where, on exceptions by the defendants to the overruling of general and special demurrers to the petition, this court held that the petition set forth a legal and equitable cause of action as against a general demurrer, such ruling was binding in favor of the plaintiff as against such defendants in a subsequent action by the same plaintiff based on substantially the same allegations; and this is true notwithstanding the second petition introduced a new defendant who was not bound by the former judgment. In the instant case the court did not err in overruling the general demurrer filed by one of the defendants who demurred generally to the former suit. *Mitchell* v. *Turner,* 180 *Ga.* 591 (180 S. E. 131); *Crider* v. *Harris,* 183 *Ga.* 695 (2), 697 (189 S. E. 519).

2. The proceeding was not changed into an action at law merely by the ruling of the auditor, to whom the case was referred, granting a nonsuit as to such alleged fraudulent grantee, where the case proceeded to trial against the other defendants, one of whom was the surety on the former administrator's bond, against whom the petition sought both legal and equitable relief; nor was the case so reduced to an action at law as to the surety by reason of the fact that the auditor found in favor of the plaintiff for recovery only of a money judgment against the surety and the other remaining defendant, the surety having demurred generally to such petition and having filed exceptions pendente.lite to the overruling of his demurrer, which exceptions were never abandoned, but were made the basis of assignments of error by such defendant in the final bill of exceptions to review the judgment against him. *Henderson* v. *Nolting First Mortgage Corporation,* 184 *Ga.* 724, 726 (193 S. E. 347); *Harrell* v. *Parker,* 186 *Ga.* 760 (198 S. E. 776); *Kidd* v. *Finch,* 188 *Ga.* 492 (4 S. E. 2d, 187); *Candler* v. *Bryan,* 189 *Ga.* 851 (8 S. E. 2d, 81); *City Bank of Macon* v. *Crossland,* 65 *Ga.* 734 (2); *Collinsville Granite Co.* v. *Phillips,* 123 *Ga.* 830 (10), 840 (51 S. E. 666); *Fitzpatrick* v. *McGregor,* 133 *Ga.* 332, 336 (65 S. E. 859, 25 L. R. A. (N. S.) 50); *Durham* v. *Ramhurst Lumber Co.,* 145 *Ga.* 189 (88 S. E. 932).

3. In an equity case, exceptions of fact to an auditor's report are to be submitted to a jury only when approved by the trial judge; and an order

overruling such exceptions will not be reversed by this court if the findings of the auditor are supported by any evidence, even though the evidence may be conflicting. In this case the evidence supported the auditor's findings of fact, and there was no abuse of discretion in overruling the exceptions. Code, § 10-402; *Hearn* v. *Laird*, 103 *Ga.* 271 (2) (29 S. E. 973); *Cranston* v. *Bank of the State of Georgia*, 112 *Ga.* 617 (37 S. E. 875); *Murray* v. *Hawkins*, 144 *Ga.* 613 (4), 622 (87 S. E. 1068); *Mayor &c. of Gainesville* v. *Jaudon*, 145 *Ga.* 299 (3) (89 S. E. 210); *Crim* v. *Alston*, 169 *Ga.* 852 (3) (151 S. E. 807); *Bradley* v. *DeLoach*, 176 *Ga.* 142 (2) (167 S. E. 301); *Fitzpatrick* v. *Massee-Felton Lumber Co.*, 188 *Ga.* 80 (3 S. E. 2d, 91).

4. The conclusions of law stated by the auditor being correct, and being applicable to his findings of fact, the judge did not err in overruling the exceptions of law filed by the defendant surety. The final decree as complained of by the surety alone was not erroneous for any reason urged.                    *Judgment affirmed. All the Justices concur.*

No. 13129.  JUNE 13, 1940.

*Roy S. Drennan,* for plaintiff in error.

*H. W. McLarty* and *C. Murphey Candler,* contra.