GODFREY *v.* CITY OF COCHRAN *et al.*

No. 17475. ARGUED MAY 14, 1951—DECIDED JUNE 11, 1951.

*J. D. Godfrey* and *Casey Thigpen,* for plaintiff.

*Roger H. Lawson* and *H. McWhorter,* for defendants.

ALMAND, Justice. ■ ■ Headnotes 1 and 2 do not require elaboration.

■ It is strenuously insisted by counsel for the plaintiff in error that the evidence demanded a finding that the conveyance from Mrs. Nixon to Mrs. Godfrey was a bona fide transaction, and that Mrs. Godfrey took the conveyance without notice or ground for reasonable suspicion that Mrs. Nixon made the transfer with the intention to delay or defraud the plaintiff as a creditor.

The auditor found that Mrs. Nixon was indebted to the plaintiff in a sum exceeding $6000, to which finding no exception was filed. The evidence thus shows that, at the time the deed in question was executed, the plaintiff was a creditor of Mrs. Nixon. There is no dispute that, but for the real estate conveyed to Mrs. Godfrey, Mrs. Nixon was insolvent at the time of the conveyance. The sole questions, then, are: was the evidence sufficient (a) to show that Mrs. Nixon made the conveyance with intention to delay and defraud creditors; (b) if with such intent, did Mrs. Godfrey know of the same at the time the conveyance was made; and (c) if the transaction was bona fide upon a valuable consideration, did Mrs. Godfrey have notice or ground for reasonable suspicion of such fraudulent intent.

In cases of this kind, circumstantial evidence is of the highest importance in determining the real intent, or the good or bad faith of the grantor. *Eberhardt* v. *Bennett,* 163 *Ga.* 796 (137 S. E. 64). The fact that a suit was pending at the time the deed was executed, in which suit the plaintiff was seeking to follow a misappropriation of trust funds into the house and lot of Mrs. Nixon, and to have a special lien decreed against this property, was a circumstance to show whether the sale was fraudulent as to creditors. *McLendon* v. *Reynolds Grocery Co.,* 160 *Ga.* 763 (129 S. E. 65). Such a conveyance during the pendency of the suit would be a badge of fraud and a fact

158

which a jury would be at liberty to consider in determining whether Mrs. Godfrey took the property with or without notice. *Colquitt* v. *Thomas,* 8 *Ga.* 258 (7). The unexplained retention of possession by Mrs. Nixon after her conveyance by absolute deed would raise a presumption of fraud (*Perkins, Hopkins & White* v. *Patten,* 10 *Ga.* 241 (2)), and would be a question for a jury to pass upon. *Stephens* v. *Southern Cotton Oil Co.,* 147 *Ga.* 410 (3) (94 S. E. 245). Notice to the grantee in such a conveyance of the grantor's intent may be shown by circumstantial evidence. *Betton* v. *Avery,* 183 *Ga.* 559 (188 S. E. 901).

We have fully set out the evidence in regard to these issues in the statement of the case, and this evidence need not be repeated here. The able trial judge in his order approving the auditor's findings shows that he carefully reviewed the evidence and concluded that it supported the findings of the auditor on these issues of fact. We also have fully reviewed the evidence, and conclude that the trial judge did not err in overruling the exceptions of Mrs. Godfrey and in entering a final decree in favor of the City of Cochran.

*Judgment affirmed. All the Justices concur.*