25726, 25727. HOTALING v. ANDERSON et al.; and vice versa.

ARGUED APRIL 14, 1970—DECIDED MAY 7, 1970.

*Clarence H. Calhoun, Jr., Merrell H. Collier,* for appellant. *Smith, Cohen, Ringel, Kohler, Martin & Lowe, John W. Chambers, Harold Sheats, Ben T. Beasley, Jr.,* for appellees.

ALMAND, Chief Justice. These appeals, main and cross, are from orders denying the motions of the plaintiff and defendant for a summary judgment, with certificate for direct review.

Richard L. Hotaling brought his complaint in three counts against Thomas J. Anderson wherein he sought as purchaser to require the defendant as seller to specifically perform a contract for the sale of two tracts of land; one, 9 acres more or less, and the other, 11.6 acres more or less, at an agreed price of $3,600 per acre. He alleged that the defendant repudiated the contract and notified the plaintiff that he did not intend to comply with it. He further allleged that he had performed all conditions and obligations imposed upon him and offered to pay the purchase price.

In his answer, as amended, the defendant denied that the plaintiff had any rights under the contract, it being void; and that two certain conditions precedent in the sale contract had not been complied with. He denied that the purchase price of $3,600 per acre was fair, just or equitable, and alleged that it was grossly inadequate, unfair and unconscionable; that the real estate broker who purportedly acted as his agent, made a representation to him that the fair market value of the land was $3,600 per acre, when he had "only a short time before handled a transaction in which his wife sold less than three acres of unimproved land in the same immediate vicinity for more than $15,000 per acre."

Perkerson and Co., the real estate broker, was made a party by intervention.

The record contains the depositions of the parties.

The motions for a summary judgment by the plaintiff and defendant, were upon the ground that there was no genuine issue of any material fact for the jury to pass upon.

Under the pleadings, depositions and affidavits in the record, there were several material issues of fact that prevented the case from being ended by a summary judgment for either party.

We need to mention only one issue of fact that is in the case: Whether the price per acre of $3,600 was so inadequate as to justify a court in refusing to decree specific performance. *Code* § 37-805.

"Where the inadequacy is so great as to give to the contract the character of unreasonableness and hardship, the court and jury will stay the exercise of their discretionary power, in en-

forcing a specific performance." *Willcoxon v. Eason,* 19 Ga. 565 (2).

"Whilst it is a general rule that the right to specific performance is in the sound discretion of a court of equity, yet, in this State, that power is to be exercised by the jury under the evidence and charge of the court." *Franklin, Reid & Co. v. Newsom,* 53 Ga. 581 (2).

"The pleadings as amended allege the fair market value of the land to be $3,715 per acre, the contract price being $4,000 per acre; whereas, the amended answer alleges inadequacy of price and that the fair market value is $5,000 per acre. In addition, the amended answer denies ownership of the land, and other facts and circumstances which create issues of fact for determination. The court erred in sustaining the general demurrer to the answer as amended." *Anthony v. Morris Hyles, Inc.,* 221 Ga. 847 (2) (148 SE2d 326). See also, *Bailey v. Bell,* 208 Ga. 715 (1, 2) (69 SE2d 272).

There being genuine and material issues of fact in the case, it was not error to deny the motions of both parties for a summary judgment.

*Judgments affirmed on the main appeal and on the cross appeal. All the Justices concur.*