## 34237. WALLS et al. v. SAVAGE et al.

BOWLES, Justice.

Appellants, plaintiffs below, filed an equitable action in Hall Superior Court to partition a tract of land containing approximately 121 acres which was owned by J. R. Savage, Sr. at the time of his death in 1957. He left this property by will to his wife for her lifetime with remainder over to his children and a niece. Appellants are the children, the heirs of a since deceased child and the niece. Appellees, defendants below, are children and heirs of a deceased child.

J. R. Savage, Jr., a defendant child, filed a counterclaim and cross claim alleging the existence of an oral contract between the children, the niece named in the will and himself. He sought specific performance of that contract which provided that the real estate in question would be conveyed to him if he would remain at the homeplace and care for and support his mother, the wife of J. R. Savage, Sr., during her lifetime. He claimed full performance of the obligations incurred.

The case was submitted to an auditor by the court, who after hearing found among other things that the parties were the named remaindermen in the will of J. R. Savage, Sr., or heirs of deceased remaindermen. He also found that all of the parties agreed that if J. R. Savage, Jr., would continue to live on the homeplace and take care of his mother, the homeplace would belong to him after his mother's death. He also found that during the next 18 years of the mother's lifetime, J. R. Savage, Jr., lived on the place, took care of his mother, paid most of the household expenses, made improvements to the land and maintained the property. He found that the agreement was clear, distinct and definite, and was made out clearly,

strongly and satisfactorily, leaving no reasonable doubt as to the agreement. He concluded that J. R. Savage, Jr. has executed his obligations under the contract, is the owner of the property in question and is entitled to legal title to the same.

Exceptions were filed to the report, together with a motion to recommit, a motion to remove the case from the auditor, a demand for a jury trial of the issues, and related relief. Appellants filed a motion for summary judgment in their behalf. The trial court denied plaintiffs' motion for summary judgment, overruled plaintiffs' exceptions to the auditor's report, and denied their motion to remove the case from the auditor. Thereupon, final judgment was entered by the court approving the report, making the same the judgment of the court and decreeing that specific performance be granted to defendant J. R. Savage, Jr., on his counterclaim and cross claim, decreeing title to the subject lands in him. Appellants filed a motion for judgment notwithstanding the verdict and a motion for new trial. Judgment was entered denying these motions and appellants appeal to this court, enumerating as errors the various judgments of the court and numerous antecedent rulings.

We affirm.

1. To be entitled to specific performance it is necessary for the claimant to prove the terms of the contract in a clear, distinct and definite manner. The proof must be so clear, strong and satisfactory as to leave no reasonable doubt as to the agreement. *Thomas v. Crawford,* 228 Ga. 34 (183 SE2d 768) (1971); *Ray v. Sears,* 220 Ga. 521 (2) (140 SE2d 194) (1965); *Veal v. Veal,* 212 Ga. 471 (93 SE2d 751) (1956); *First Nat. Bank &c. Co. v. Falligant,* 208 Ga. 479 (67 SE2d 473) (1951); *Barnett v. Henry,* 200 Ga. 365 (37 SE2d 340) (1946); *Salmon v. McCrary,* 197 Ga. 281, 285 (29 SE2d 58) (1944); *Brogdon v. Hogan,* 191 Ga. 647, 654 (13 SE2d 666) (1941); *Scott v. Williams,* 167 Ga. 386 (145 SE 651) (1928). The fact-finder, in this case the auditor, having found a contract, and his findings having the approval of the trial court, we are relegated to the position of determining whether or not there was any evidence in the case to support his conclusion that a contract existed and that it

had been fully performed by one of the parties. It is helpful that some of the parties to the original contract are living and recognize the agreement.

Conflicts in the evidence do not prevent the establishment of a contract. *Abdill v. Barden,* 221 Ga. 591, at 595 (146 SE2d 299) (1965); *Daniel v. Weeks,* 217 Ga. 388 (6) (122 SE2d 564) (1961); *Ray v. Sears,* supra. Proof of performance may be shown by a preponderance of the evidence. We have examined the record in its entirety, and find that there was sufficient evidence under the above standards to support the finding as to the contract, as well as the fulfillment thereof by claimant. Mathematical certainty is not obtainable in legal investigation, but reasonable certainty is the rule.

2. Appellants contend that the claimant did not take possession of the land with reference to the parol contract because at the time the agreement was made the mother had a life estate in the same and she was entitled to possession. While partial payment with possession may be sufficient part performance to justify a decree of specific performance of a parol contract to purchase land (*Hennon v. Gresham,* 196 Ga. 197 (1) (26 SE2d 252) (1943), Code Ann. § 37-802), possession is not a necessary element of performance where the purchase price has been paid in full or, as in this case, the services have been fully performed.

Here the auditor found that the cross claimant had fully performed the agreement by caring for his mother for her lifetime or a period of 18 years following the contract. With that, the instant case falls under the rule applicable when the purchase price has been paid in full. Performance of that part of the contract having been completed, upon the death of the life tenant, claimant was entitled to sole possession. Code Ann. § 37-802; *Sanders v. Bryant,* 240 Ga. 825 (242 SE2d 717) (1978); *Dollar v. Dollar,* 214 Ga. 499 (3) (105 SE2d 736) (1959); *Cowart v. Green,* 194 Ga. 62 (20 SE2d 577) (1942); *May v. Sorrell,* 153 Ga. 47 (3) (111 SE 810) (1922). The making of improvements on the land by J. R. Savage, Jr. were not essential to entitle him to specific performance of the contract, but were admissible for the purpose of illustrating his performance of the agreement and for the

further purpose of illustrating that upon full performance on his part, he could not be restored to his former position. Once the contract was made and performance thereof begun it could not be terminated by consent of less than all the parties. *Gilleland v. Welch,* 199 Ga. 341 (2) (34 SE2d 517) (1945).

3. The trial court did not err in refusing to submit issues of fact to a jury, thus denying a jury trial to appellants.[1] Appellants filed exceptions of fact to the auditor's report, none of which was approved. In such circumstances the provisions of Code Ann. § 10-402 apply. "In all law cases where an auditor is appointed, exceptions of fact to his report shall be passed upon by the jury as in other issues of fact, *and in equity cases by the jury when approved by the judge.*" (Emphasis supplied.) The judge, in trying an equity case, has the discretionary authority to approve or disapprove the exceptions to an auditor's findings of fact, and where he has exercised that discretion and approved the findings and where there is evidence to support his findings, they will not be disturbed even though the evidence may be conflicting. *Godfrey v. City of Cochran,* 208 Ga. 149 (1) (65 SE2d 605) (1951); *Mitchell v. Turner,* 190 Ga. 485 (3) (9 SE2d 621) (1940); *McCrea v. Ga. Power Co.,* 187 Ga. 708, 711 (1 SE2d 664) (1939); *Griffith v. Moore,* 185 Ga. 120 (1) (194 SE 551) (1937); *Bradley v. DeLoach,* 176 Ga. 142 (2) (167 SE 301) (1932).

The cases of *Hotaling v. Anderson,* 226 Ga. 327 (175 SE2d 5) (1970) and *Franklin Reid & Co. v. Newsom,* 53 Ga. 580 (1874), relied upon by the appellants for authority that specific performance cases may be tried by a jury, are distinguishable. In those cases the court had not submitted the issues to an auditor.

4. There is no merit in appellants' contention that there was not sufficient evidence to prove beyond a reasonable doubt that one of the parties ratified or

---

[1] As to the constitutional right to a jury trial in an equity case see *Williams v. Overstreet,* 230 Ga. 112 (195 SE2d 906) (1973), followed in *Fields v. Davies,* 235 Ga. 87 (218 SE2d 828) (1975), and other cases.

accepted the contract. Although it is true that there is some evidence that one of the parties was not present when the first contract was made, there was evidence that she was present at the second meeting, after the father's death, when all the parties reaffirmed the original agreement. The auditor found this to be true as a matter of fact. When approved by the trial court, conflict in the evidence would not be sufficient grounds for this court to set the same aside. *Abdill v. Barden,* supra.

5. Appellants contend that the decree cannot stand because there was a failure to join as a necessary party the executor and the administrator of the estates of two of the original children who are now deceased. As a general proposition of law, appellants' contention is sound. However, as was said in *Belt v. Lazenby,* 126 Ga. 767, 773 (56 SE 81) (1906), "It seems well settled that an action for specific performance of a contract to convey land, *where there is no purchase money still to be paid,* may, when the party contracting to convey is dead, be brought against his heir at law, without making the representative of his estate a party defendant." (Emphasis supplied.) In the instant case the heirs of each decedent having entered the case as parties seeking to have the property sold, and the proceeds divided among them as individuals, there is no valid reason why the court could not also, at the instance of a party defendant, enforce the contract of the decedents to convey their interest in the land against decedents' heirs, where no portion of the purchase money remains unpaid. To the same effect see *Burgamy v. Holton,* 165 Ga. 384 (2) (141 SE 42) (1927).

6. Appellants complain that the auditor erred in not allowing additional evidence to be presented after the auditor's report was recommitted. Appellants' motion to recommit is recited in pertinent part as follows:

"2.

"Said auditor failed to make the following findings of law in his report which apply in this case: . . .

"(c) In order to be entitled to specific performance of an oral contract the person claiming the contract must prove the contract beyond a reasonable doubt and proving of the alleged contract by a preponderance of the evidence is not sufficient to satisfy the rigid test. [Cits. omitted.]

"(d) The claimant comes into court with the burden of proving an alleged contract with such definiteness as meets the stern requirements of the law hereinbefore pointed out (beyond a reasonable doubt) and any inconsistencies in testimony offered by claimant must be resolved against him [Cits. omitted.] . . ."

"6.

"The auditor failed to rule that J. R. Savage, Jr. proved his case beyond a reasonable doubt as required by law and an auditor should be required to pass upon this issue."

The trial judge sustained appellants' motion to recommit only on the above grounds. As we read appellants' motion their request was to require the auditor "to make the following findings of law in his report." Code Ann. § 10-305 permits the judge to recommit the report for such further action as may be proper and in such cases the evidence shall be confined to such issues as the judge in the order of recommitment may indicate. In this instance, appellants complained about the auditor's failure to rule as a matter of law. No request was made to the trial court nor to the auditor that additional evidence be heard regarding the above quoted exceptions. We conclude that the trial judge made his order of recommitment in keeping with appellants' motion to recommit and with that, no further evidentiary hearing was necessary.

7. The court did not err in admitting evidence of an oral agreement to convey land where the evidence went further to show that the contract in question had been fully performed by one of the parties.

8. Plaintiffs' original complaint was an equitable action to partition lands and the counterclaim of defendant J. R. Savage, Jr. sought the equitable remedy of specific performance. Code § 10-101 provides for the appointment of an auditor in equitable proceedings. The reference of the matter to an auditor rests in the sound discretion of the superior court judge in the case. He may refer any part of the facts in the case to an auditor to investigate and report the results to the court. This he may do upon his own motion when in his judgment the facts and circumstances of any such case require it. The

cases of *United Bonded Warehouse v. Jackson,* 207 Ga. 627 (63 SE2d 666) (1951) and *Rabun v. Wynn,* 92 Ga. App. 228 (1) (88 SE2d 478) (1953) relied upon by appellants are not in point.

This court said in *Candler v. Bryan,* 189 Ga. 851 (8 SE2d 81) (1940), "The law of this state gives the judge of the superior court the power in equitable proceedings, where in his judgment the facts and circumstances of any such case require it, to refer the case to an auditor; and this power is not limited to cases involving matters of account." See also, *Edwards v. National Investment Co.,* 172 Ga. 884 (159 SE 256) (1931).

Appellants have not illustrated any abuse of discretion on the part of the superior court judge in referring these equitable proceedings to an auditor. Therefore, we find that the trial court did not err in appointing an auditor in this case; nor did he err in refusing to remove the auditor upon motion of the appellants.

9. Appellants complain about the auditor's illegally admitting evidence in violation of what is known as the Dead Man's Statute, Code Ann. § 38-1603. In the instant case neither the plaintiffs' original complaint nor the defendants' counterclaim was brought or defended by any person insane at the time of trial, or by any endorsee, assignee, or transferree, or the personal representative of a deceased person. The original suit was brought by parties claiming title in themselves, and the counterclaim was brought against those parties in their individual capacities. No personal representative is involved. In keeping with our holding in Division 5 above, no personal representative was an indispensable party to the case. Under these facts, the auditor did not err in permitting J. R. Savage, Jr. to testify in regard to communications and transactions with a deceased ancestor of one of the appellants. *Abdill v. Barden,* 221 Ga. 591 (1) (146 SE2d 299) (1965); *Stevens v. Stevens,* 204 Ga. 340 (4) (49 SE2d 895) (1948); *Lifsey v. Mims,* 193 Ga. 780 (3) (20 SE2d 32) (1942); *Donald v. Groves,* 160 Ga. 163 (126 SE 583) (1925); *Oliver v. Powell,* 114 Ga. 592 (5) (40 SE 826) (1901) citing *Boynton v. Reese,* 112 Ga. 354 (37 SE 437) (1900).

10. The trial court did not err when it refused to

recommit certain issues of fact for determination by the auditor. The factual issue of possession of J. R. Savage, Jr. following the contract not being in his own right was not essential to his right to prevail. *Pace v. Pace,* 220 Ga. 66 (137 SE2d 28) (1964); *Cowart v. Green,* 194 Ga. 62 (20 SE2d 577) (1942).

The same can be said for the attempted repudiation of the contract by three of the parties before certain expenditures were made by the counterclaimant. Nor was it necessary to a determination of the validity of the contract that the specific services to be performed be determined.

"Care for and support" of an elderly person for her lifetime has a specific meaning capable of being understood. Compare, *Hogan v. Brogdon,* 194 Ga. 474 (1), 477 (22 SE2d 54) (1942). Neither party could reasonably misunderstand it. *Martin v. Bohn,* 227 Ga. 660 (182 SE2d 428) (1971). "Family arrangement" cases have been granted leniency by our courts. See, *Reynolds v. Bowles,* 213 Ga. 534 (100 SE2d 198) (1957); Ga. Digest, Specific Performance, § 86 and cits. Compare, *Anderson v. Little &c. Funeral Home,* 242 Ga. 751 (1978).

11. The trial court did not err in refusing to commit the auditor's report to him for certain rulings of law as requested by appellants. Recommittal for rulings of law, if required at all, are within the sound discretion of the trial court and that discretion will not be disturbed unless abused. No abuse of discretion has been illustrated here.

12. Appellants complain about the trial court's improper overruling of plaintiffs' exceptions of law and exceptions of fact to the auditor's report. We have examined each exception separately and find no error.

13. The trial court did not err in failing to direct a verdict against the counterclaim of J. R. Savage, Jr. upon completion of his testimony alone. In order for a party to prevail on a complaint, it is not necessary that he rely solely on his own testimony.

14. While we readily agree that the auditor, based on the evidence presented, could have made other findings of fact, we cannot say as a matter of law that the

findings made by him and approved by the trial court were erroneous merely because the evidence in the case might include discrepancies.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1978 — DECIDED FEBRUARY 15, 1979 — REHEARING DENIED FEBRUARY 27, 1979.

*Robinson, Harben, Armstrong & Millikan, Edmund A. Waller, Thompson, Fox & Brinson, David Fox,* for appellants.

*Telford, Stewart & Stephens, J. Douglas Stewart, William H. Blalock, Jr., Smith, Smith & Frost, J. Randall Frost,* for appellees.