## S99A1628. IVEY et al. v. STANLEY.
(526 SE2d 331)

HINES, Justice.

Ivey, administrator of the estate of Richard Stanley, Jr., appeals from a judgment finding that the decedent's son, Richard Stanley III, was the owner of two real estate parcels and the funeral homes that operated on them. For the reasons that follow, we affirm.

The father died in 1996; he had owned a funeral home in Dublin and one in Wrightsville. His son, Richard Stanley III ("Stanley"), had been associated with the two funeral homes for some time. Ann Stanley, widow of Richard Stanley, Jr. and representative of his estate, sued to enjoin Stanley from interfering in the operation of the funeral homes; she later died and Ivey succeeded her as administrator of the estate. Stanley counterclaimed alleging: (1) that his exclusive possession of the funeral home in Dublin for more than seven years without paying rent created a conclusive presumption of a gift from the father and conveyed title to him; (2) that he and his father entered into an oral contract for the father to make a will leaving him a one-half interest in the Wrightsville funeral home, in exchange for his services there, which had been performed; and (3) as he had not received that one-half interest, he should be compensated in quantum meruit for his services at the Wrightsville funeral home. A jury found for Stanley on the first two claims, but against him on the quantum meruit claim.

1. The court denied Ivey's motion for directed verdict as to Stanley's claim of title to the Dublin property by presumptive gift. Under OCGA § 44-5-85, as it read at the time of trial, "[t]he exclusive possession by a child of lands which originally belonged to the parent or parents, without payment of rent, for the space of seven years, creates a conclusive presumption of a gift and conveys title to the child. . . ." Thus, the child must be in exclusive possession of the property for seven years before the death of the parent. See *Tucker v. Addison,* 265 Ga. 642, 643 (2) (458 SE2d 653) (1995).

Ivey contends that the matter should not have been sent to the jury because the property was encumbered from 1978 by a deed to

secure debt that was not retired until 1992, and the father thus did not have legal title to convey pursuant to OCGA § 44-5-85. It is true that if the parent conveys the land at issue before the completion of the seven-year period, the child obtains no title. See *Tucker,* supra; *Harden v. Morton,* 195 Ga. 471, 473 (1) (24 SE2d 685) (1943). However, that is not what occurred; the deed to secure debt came into being at the time the property was purchased. While the child is in possession, the parent may, at will, re-enter the property and re-assert possession, extinguishing the child's exclusive possession and ending the seven-year period under the statute. *Harden,* supra. When the parent conveys a deed to secure debt, or any other conveyance, during the *pendency* of the child's possession, this is an expression of possession by the parent that extinguishes the child's claim prior to title ripening in the child, id.; accord *Tucker,* supra, but when a child enters the property on which a deed to secure debt already exists, the result is different. Although a deed to secure debt does convey legal title to the property, see OCGA § 44-14-60, the grantor of a deed to secure debt can convey the property subject to that deed to secure debt. *Rhodes v. Anchor Rode Condo. &c.,* 270 Ga. 139-140 (1) (508 SE2d 648) (1998). The fact that the deed to secure debt exists means that the grantor does not hold complete title, but it does not prevent the grantor from conveying that which he owns. Thus, the effect of OCGA § 44-5-85 in a situation such as this is a gift by operation of the statute, subject to the deed to secure debt.

Nor did the evidence compel the conclusion that the father retained possession. There was evidence that for more than the necessary time period, Stanley did not pay rent, he acted as owner in the funeral home's business dealings, that his father did nothing to assert dominion over the Dublin property, and that the father told others that Stanley was the owner of the Dublin funeral home. The question of Stanley's exclusive possession was properly for the jury.

2. Ivey contends that testimony about conversations with the father that took place before July 1, 1979, should have been excluded under the Dead Man's Statute. According to this statute (former Code Ann. § 38-1603), testimony by any witness as to conversations with a deceased person which took place before July 1, 1979 (the date of the statute's repeal), is inadmissible. The trial court ruled that any such testimony was inadmissible and Ivey fails to cite any instance of testimony wrongfully admitted.

3. Finally, Ivey contends that the issue of an oral contract for the father to make a will leaving Stanley a one-half interest in the Wrightsville funeral home should not have gone to the jury because

the evidence did not show the terms of that contract.[1] The jury was properly charged that an oral contract to make a will must be shown by evidence that is "clear, strong and satisfactory." *Walls v. Savage*, 243 Ga. 198, 199 (1) (253 SE2d 183) (1979). On review, the question is whether there is any evidence to support the jury's finding that the contract existed and that it had been fully performed. Id. Stanley testified that the agreement existed and that he had performed the services required, and there is evidence to support the jury's decision.

The fact that the contract did not specify a period of time in which performance must occur did not render it too vague to be enforced by specific performance. The jury could infer that the contract was for services to be performed during the life of the elder Mr. Stanley, and could conclude that such a period was a reasonable time. See *Walls*, supra; *Griffith v. FDIC*, 242 Ga. 367, 368 (249 SE2d 54) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 14, 2000 —
RECONSIDERATION DENIED MARCH 10, 2000.

*Harrison & Harrison, G. Hughel Harrison, Morris S. Robertson*, for appellants.
*Nelson, Gillis & Smith, James F. Nelson, James S. Stanley, Jr.*, for appellee.

---

[1] Ivey also contends that the jury should not have been charged on Stanley's claim in quantum meruit, but as the jury did not find for Stanley on that issue, any error in submitting the claim to the jury is harmless.