## MURRAY, administrator, *v.* HAWKINS.

1. Where exceptions of fact and of law are filed to an auditor's report in an equity case, and a consent order is taken referring the whole case to the court for final decree without the intervention of a jury, the court is not required to pass seriatim on each exception.

2. Where a suit is brought against a defendant, and no process is prayed or annexed to the petition, and the defendant neither waives process nor pleads to the merits, and such suit is voluntarily dismissed by the plaintiff; and where the plaintiff within six months of the dismissal of the first suit brings a second one against the defendant, the first action does not constitute the pendency of a suit, so as to prevent the bar of the statute of limitations from arising, and give the plaintiff the right to bring a second action within six months of the dismissal of the first.

3. An administrator may, in good faith and with proper prudence, sub-

mit to arbitration matters in controversy in connection with the estate he represents.

4. The evidence authorized the conclusion of the auditor that no fraud was perpetrated on the administrator, and that he participated in the arbitration and accepted the money found to be due by the arbitrators; and the court did not abuse his discretion in approving such findings of fact by the auditor.

5. "Receipt by one party of that which is awarded to such party will estop that party from refusing to comply with the award in favor of the other party, on the plea of illegality or irregularity in the award."

6. A claimant of land who is out of possession should seasonably apply for cancellation of arbitration proceedings alleged to be a cloud upon his title, where the party in possession claims title under such proceedings, of which the claimant has notice, or he will be barred by his laches. Following the analogy of the law, a plaintiff under such circumstances will be barred of his remedy within seven years.

7. Where it is complained that an auditor refused to allow a witness to testify that he had instituted a suit, and it appears that subsequently during the hearing the record of the suit was introduced in evidence and the witness interrogated with respect thereto, any error in the ruling so complained of becomes immaterial.

8. Under the circumstances narrated in the corresponding division of this opinion, the ruling of the auditor complained of will not require a new trial.

9. The decree of the court is supported by the evidence, and no sufficient reason is made to appear for its vacation.

JANUARY 11, 1916. REHEARING DENIED FEBRUARY 29, 1916.

Exceptions to auditor's report. Before Judge Littlejohn. Sumter superior court. August 31, 1914.

J. J. Murray, administrator de bonis non of J. E. J. Horne, brought an action against Mrs. C. A. D. Hawkins, to set aside as fraudulent the following award:

"State of Georgia, Sumter County. This agreement made and entered into this the 11th day of July, 1904, between J. J. Murray, administrator de bonis non of the estate of J. E. J. Horne, of the one part, and Mrs. C. A. D. Hawkins of the second part, both of Sumter County, Ga.

"1st. Whereas certain differences having arisen as to the validity of eight certain tax deeds as made by D. H. Johnson, sheriff of Clinch county, Georgia, to S. H. Hawkins, dated June 4th, 1878, conveying, by virtue of sale for taxes, lots of land Nos. 172 and 189 in the 12th dist., and 161, 162, 163, 187, 188, 189, in the 13th district of originally Appling and now Clinch county, Georgia, and lands afterwards having been by S. H. Hawkins deeded to Mrs.

C. A. D. Hawkins, party of the second part, who now claims a fee-simple title to the same. The said land was sold at tax sale by virtue of a tax fi. fa., as above set forth, on June 4th, 1878, as property of J. E. J. Horne's estate, the same having been issued against J. R. G. Horne, a former administrator of J. E. J. Horne, who claimed title to the same.

"2nd. Whereas the said C. A. D. Hawkins also claims a considerable amount as due her from said estate, on account of a transfer of a certain tax fi. fa. issued by A. C. Speer, tax-collector of Sumter County, Georgia, dated March 18th, 1874, against J. R. G. Horne, adm. of J. E. J. Horne, which claim the said party of the first part now disputes and refuses to pay.

"3rd. Now, in order to adjust said differences and settle all matters of controversy as to the validity of said tax deed, and all questions of title arising from same, and on account of said land in any way; as between said parties; and also in order to settle the amount due and owing, if any, on account of said debt as claimed by the said C. A. D. Hawkins, party of the second part, the parties do hereby submit the same to three arbitrators, viz.: To Charlie Council, chosen by the party of the first part, and W. R. Speer, chosen by the party of the second part, and Jno. N. Scarborough, chosen by the arbitrators selected by the parties. The submission when signed shall be delivered to one of the arbitrators and entered on the minutes of Sumter superior court, and become irrevocable and have the effect of a judgment of said court. Witness our hands and seals.          J. J. Murray (L. S.),

Admr. de bonis non J. E. J. Horne Estate.

C. A. D. Hawkins (L. S.)."

"Georgia, Sumter County. We do swear that we will impartially determine the matter submitted to us by J. J. Murray, Admr. de bonis non of the estate of J. E. J. Horne, party of the first part, and Mrs. C. A. D. Hawkins, party of the second part. So help us God." (Signed by Council, Speer, and Scarborough.) "Sworn to and subscribed before me, this the 16th day of June, 1904.          I. B. Small, N. P., S. Co., Ga."

"Georgia, Sumter County. We, the undersigned arbitrators to whom were submitted the differences between J. J. Murray, Admr. de bonis non of the estate of J. E. J. Horne, and C. A. D. Hawkins,

arising upon the validity of certain tax deeds and titles to certain lands in Clinch county, Georgia; also the difference arising upon the claims of said C. A. D. Hawkins for money due on certain tax fi. fas. transferred to her, etc. On the 15th day of July, 1904, the notice having been given, the hearing was had. After hearing the evidence on both sides and duly considering the same, we find:

"1st. That the eight certain tax deeds, dated June 4th, 1878, and made by D. H. Johnson, sheriff of Clinch county, Georgia, in pursuance of sale of land lots Nos. 172, 189, in 12th dist., and 161, 162, 163, 187, 188, 189, in the 13th dist., all in originally Appling, now Clinch County, Georgia, are good and valid deeds, and pass the title to said lands to said S. H. Hawkins; and that said tax sale was regular and legal throughout, and free from any legal objections whatever.

"2nd. That any and all judgments and rights heretofore obtained by J. J. Murray, Admr. de bonis non of said estate, *vs.* J. F. and W. D. Smith, one or both, and *vs.* J. F. Dougherty of Clinch County, Georgia, in the superior court of said county, shall by this arbitration be duly transferred to C. A. D. Hawkins, so that all rights therein and pertaining to said judgments shall vest in her as effectually as they vested in said J. J. Murray as administrator de bonis non.

"3rd. That upon C. A. D. Hawkins paying to J. J. Murray, Admr. de bonis non, the sum of $25.00 and the cost of this arbitration, the right under this arbitration shall become fully vested in C. A. D. Hawkins. Signed by us this 16th day of July, 1904. Charlie Council, W. R. Speer, John N. Scarborough."

"Georgia, Sumter County. We, the undersigned, have fully accepted the terms of the arbitration as made, and agree to abide by same. The party of the second part has paid the money named, $25.00, which the party of the first part acknowledges receipt of in full. This July 16th, 1904.

"J. J. Murray, Administrator de bonis non J. E. J. Horne."

"Filed in office July 21, 1904. T. F. Gatewood, Deputy Clerk S. C."

The plaintiff alleged in brief, as follows: The defendant and her confederates, on April 26, 1911, caused the foregoing arbitration proceedings to be recorded on the minutes of the superior court of Sumter county; and on May 6th following he filed his

petition to have it set aside, which petition was dismissed, and the present suit recommenced within six months after the dismissal. He did not, as administrator or individually, agree to submit to arbitration the matter referred to in the submission; he selected no arbitrator, received no notice that any arbitration would be had, and did not appear before the arbitrators either in person or otherwise; he did not receive any money as purported in his receipt attached to the award. The award was procured under these circumstances: S. H. Hawkins, the husband of the defendant, who had been his intimate friend since boyhood, sometime previous to the date of the alleged arbitration, represented that he had an interest in certain lands in Clinch county, and that the estate of J. E. J. Horne also had a small or nominal interest therein, and that it was necessary that an administration de bonis non should be had upon the estate of Horne in order to protect their respective interests; and requested that the plaintiff apply for administration. Accordingly he made application, and was appointed as administrator de bonis non of J. E. J. Horne's estate. Certain litigation was instituted in Clinch superior court, and the same was looked after by Mr. Hawkins as his agent. Sometime afterwards two small boys presented to him a paper, with the statement that it concerned the litigation in respect to the Clinch county land, and had been sent by Mr. Hawkins for his signature. Having implicit confidence in Mr. Hawkins, and believing that the paper concerned the Clinch county litigation, and being without his reading glasses, he signed, but did not read, the paper presented by the two boys. He had no controversy with the defendant, and was not aware of any claim that she had in or to the lands described in the alleged agreement for submission. As soon as the arbitration proceedings were filed in the clerk's office of the superior court they were withdrawn by the defendant or some one in her behalf, and withheld from record until April 26, 1911, when they were returned to the clerk's office, and entered on the minutes of the court. The purported arbitration was void, not only on account of fraud, but for the reasons, to wit: that as administrator he had no legal authority to submit any matter pertaining to the estate of his intestate to arbitration; that the tax fi. fas. by virtue of which the sheriff's sales were made were issued against R. G. Horne, administrator upon the estate of J. E. J. Horne, and were

invalid as fi. fas. against the estate which he represented; that no sufficient oath was taken by the arbitrators; that there was no suit pending and no order authorizing the submission by the administrator; and that the proceedings did not disclose upon their face that the property purported to have been conveyed by the deeds was in the possession of the defendant and that it was necessary for the administrator to recover possession of the land for administration. By amendment he further alleged that the findings and award of the arbitrators were void, because of a palpable mistake of law by the arbitrators as to the validity of the fi. fas. under which the land was sold; because the tax fi. fa. referred to in the arbitration proceedings showed that it was transferred by the tax-collector of Sumter county to S. H. Hawkins four years prior to the sale of the land thereunder; because a sale under a transferred tax fi. fa. was invalid, and the transfer of the tax fi. fa. by the tax-collector amounted to its payment and discharge; because the proceedings were too general and indefinite to fix the rights of the parties; because the submission provided that the award should be entered upon the minutes of the superior court and become irrevocable and have the effect of a judgment, and the entry of the same on the minutes of the court was necessary to give it force and effect, and such record could not be legally made after the lapse of nearly seven years from the time it was filed; and that the sale of the land was further illegal, because there had been no return of nulla bona on the tax fi. fa. prior to the entry of levy on the land. The petition prayed to set aside the arbitration proceedings, and for process.

The defendant filed demurrers, and an answer wherein she specifically denied each and all of the allegations of fraud. She averred, that the petitioner did agree to the arbitration mentioned, signed the submission, selected his arbitrator, was present at the meeting of the arbitrators, heard and gave evidence before the case was passed upon, had knowledge of the award, took and received the money awarded him, and signed the receipt therefor; that her husband conveyed the land to her in November, 1893, and her deed was recorded during the next month; that she had been in possession of the land since the conveyance by her husband to herself, and had expended $150 or $200 annually to protect the land from trespassers; and that she returned the property for taxation and

paid the taxes thereon; that on May 4, 1906, she sold the lands embraced in the submission, together with other lands, to W. L. McKenzie of Macon county, who, on the same day, conveyed a half interest therein to Jule Felton of the same county, and she now has no interest in the lands; that she and her husband and her grantees have paid all the taxes on this land since 1876, which, if refunded to them, would be of greater value than the land; that at the time it was purchased the land had scarcely any value, and it is only in the last two or three years that there has been any demand for it; that the plaintiff during all this time never returned the land for taxes, nor paid any taxes thereon, nor disputed this defendant's title. She further pleaded, both by answer and by demurrer, that inasmuch as the suit was brought more than seven years after the filing of the award, the plaintiff was guilty of such laches that in equity and good conscience he was barred of the remedy which he is now seeking. She alleged that her husband was dead, and could not speak for himself, but she affirmed that his contract was honest and proper, and that no fraud was practiced by him on the petitioner. She amended her answer by alleging, that after the sale of the land to McKenzie, and the purchase by Felton of a half interest therein, they had executed to Baxter & Company a warranty deed to the timber for the term of twenty years; that Baxter & Company went into possession of the land and began cutting the timber, when a certain attorney began to assert an interest in the land, and a contest arose over the right to cut the timber; that Baxter & Company bought from the plaintiff all of his interest and rights in the timber; and that the present suit is instituted against defendant by virtue of an agreement between the plaintiff and Baxter & Company, and is not for the purpose of settling any controversy between the parties, and presents only a moot question.

The plaintiff filed demurrers, general and special, to the answer. Upon the coming in of the answer the plaintiff further amended his petition by alleging that McKenzie and Felton had conveyed the land to C. C. Brown of Bibb county, Georgia, who claims the title; and, to prevent a multiplicity of suits, it was prayed that Brown be made a party defendant. Brown filed an answer in which he denied that the court had jurisdiction as to him; and alleged that if the petition be treated as a suit involving the title

to land, it should be brought in the county of Clinch, in which the land is located; and that if any equitable relief is sought against him, it should be brought in the county of Bibb, where he resides. He denied all the allegations charging fraud in the procurement of the arbitration, or in any way impugning the validity of the award; and set up that he purchased the land from his grantors, McKenzie and Felton, for full value and in good faith, without any notice of any fact or circumstance that would tend to impeach the fairness of any transaction in connection with the same; that he is an innocent purchaser of the land from Felton and McKenzie, who obtained their title through Mrs. C. A. D. Hawkins, who claimed the land by virtue of an arbitration with the plaintiff.

The case was referred to an auditor, who made his report, and numerous exceptions thereto, both of law and of fact, were filed. A consent order was passed, providing that all exceptions of law and fact be determined by the judge in vacation, and that final decree be rendered by him, reserving to the parties all rights of exception. Accordingly the judge rendered the following decree:

"1. That all of the exceptions of the defendants be and the same are hereby overruled and disallowed; and the finding of the auditor complained of in said exceptions is approved and made the judgment of the court.

"2. That the exception number 7 of the plaintiff to the finding of the auditor, dismissing the case, be and the same is hereby sustained; and the motion to dismiss said cause is overruled and denied.

"3. With special reference to 77(a), 78, 79(a), 89 & No. 96 of the auditor, it is the construction of the court that the auditor simply thereby found that Mrs. C. A. D. Hawkins claimed title under the deeds in question, and claimed to exercise the acts of ownership referred to, and asserted such claims and contentions to said land as to justify the submission of said questions to arbitration, and not that a prescriptive title had ripened in Mrs. C. A. D. Hawkins at any time. In view of this construction, the court overrules the exceptions thereto, and hereby makes the finding of the auditor thereon the decree of this court.

"4. Various rulings are made by the auditor, to which exceptions are taken by the plaintiff, and which are herein approved by the court, both upon the ground that said rulings or most of them

are intrinsically correct, and because if any of them are incorrect they are harmless so far as the general correctness of the rulings and findings of the auditor upon the main and controlling issues of the case are concerned.

"5. That all of the other exceptions of law and fact made by the plaintiff in this case be and the same are hereby overruled and disallowed, and the findings of the auditor complained of be and the same are hereby made the judgment and decree of the court.

"6. That the report of the auditor, with the exceptions hereinbefore specified, be and the same is hereby made the judgment and decree of this court."

*Ellis, Webb & Ellis,* for plaintiff.  *Shipp & Sheppard, W. W. Dykes, E. A. Hawkins,* and *Jule Felton,* for defendant.

EVANS, P. J.  (After stating the foregoing facts.)

1. The form of the decree is attacked. It is said that the court should have passed seriatim on each exception of law and fact. In an equity cause exceptions of fact are submitted to a jury only when approved by the court. Civil Code (1910), § 5141. Where a verdict is returned in an issue formed on exceptions of fact to an auditor's report, there must be a specific finding on each exception. It is insisted that inasmuch as the court by consent heard the case without a jury, it was his duty to pass seriatim upon the exceptions of fact. This contention is not sound. It is only where the court approves the exceptions that they are to be passed upon by a jury; and as the court found against all exceptions of fact, this was tantamount to their disapproval, and authorized the entry of a decree. *Lamar* v. *Allen,* 108 *Ga.* 158, 164 (33 S. E. 958). The decree is broad enough to pass upon all the issues which were made in the case.

2. The first suit by the plaintiff did not pray for process, and none was attached. The defendant did not waive process or plead. The suit was voluntarily dismissed by the plaintiff before the appearance term. The present action was commenced within six months from the dismissal of the first, but more than seven years had elapsed since the filing of the award. The first action did not constitute the pendency of a suit, so as to prevent the bar of the statute of limitations from arising, and give the plaintiff the right to bring a second action within six months of the dismissal of the first. *McGhee* v. *Mayor &c. of Gainesville,* 78 *Ga.*

790 (3 S. E. 670). The auditor held that the first suit under these circumstances never amounted to an action; and we concur in that ruling.

3. The auditor ruled that the administrator was authorized to submit to arbitration any matter which involved a controversy between his estate and a third person. The statute declares that administrators may, in good faith and with proper prudence, submit to arbitration the matters in controversy in connection with the estate they represent. Civil Code (1910), § 5020. For a physical precedent see *Sheffield* v. *Clark,* 73 *Ga.* 92. The matters found to have been submitted to arbitration by the administrator de bonis non involved tax deeds under executions issued after the death of the decedent, against his administrator, and certain other tax executions against the administrator transferred to the purchaser of the land. The present action was brought by the administrator de bonis non to set aside the award.

4. The evidence, though conflicting, was sufficient to authorize a finding that no fraud was perpetrated upon the administrator, that he participated in the arbitration, selected his arbitrator, was present at the hearing, had notice of the award, and receipted for the money found to be due him thereunder; and there was no error in the court's refusal to disapprove the finding of the auditor that there was no fraud in the submission to arbitration, and in the subsequent award.

5. Certain attacks are made upon the legal sufficiency of the award, as for defects apparent on its face, and because of certain other matters dependent upon extrinsic evidence. The gravamen of the plaintiff's suit, and indeed the only prayer, outside of that for process, is for the cancellation of the award. Whatever may be the merits of these various questions, the plaintiff, after having acquiesced in the award, acted upon it, and accepted the benefits thereunder, is estopped from setting up its invalidity. *Callaway* v. *Bridges,* 79 *Ga.* 753 (4. S. E. 687) ; *Pike* v. *Stallings,* 71 *Ga.* 860 (5).

6. Moreover, more than seven years had elapsed from the making of the award and the filing of the same with the clerk of the superior court, before the bringing of the present suit. The suit is one quia timet, to cancel the arbitration proceedings as a cloud upon the plaintiff's title. There is no contention that the plaintiff

was ever in the actual possession of the land, and the evidence was without conflict that he had paid no taxes on it. The evidence also was without conflict that the defendant and those claiming under her had returned the land for taxation and paid the taxes thereon since the date of her ownership; and that during this time she had employed agents, at considerable expense, to continuously police the land against trespassers. If the plaintiff was the true owner of the land, being out of possession, he should have seasonably applied for cancellation of the arbitration proceedings alleged to be a cloud upon his title, under which the person in possession claimed title, and of which claim the alleged true owner had notice, or he will be barred by his laches. Following the analogy of the law, if the plaintiff has failed to bring his action, under these circumstances, within the time within which prescription could have ripened, such suit will be barred within seven years. *Pierce* v. *Middle Georgia Land &c. Co.*, 131 *Ga.* 99 (61 S. E. 1114).

7. The auditor disallowed a question put to the plaintiff as a witness, inquiring if he had ever brought a suit as administrator to recover the land in Clinch county, sustaining an objection on the ground that the record of the suit would be the highest and best evidence. Subsequently the record was introduced in evidence, and the witness was examined in respect to it. If there was error in the former ruling, it became immaterial in view of the subsequent evidence.

8. Objection was also taken to a refusal to allow the plaintiff to testify that when he signed the arbitration proceedings he did not have his reading glasses, and that he could not read with the glasses he had. The court excluded this testimony on the ground that inasmuch as the witness could read and write he would be bound by his signature. It appears from the brief of the testimony, that, after this ruling was made, counsel who made the objection asked the witness, on cross-examination, if he could read, to which the witness replied, "I can read with my glasses, but I didn't have them. I just had these glasses, like I have got on now, and I can't read with these." The witness then was presented a paper and asked: "That is your signature, isn't it?" to which he replied: "It looks very much like it; I can't swear positively that it is mine. It may be." And again on cross-examination the

witness was allowed to swear that he did not read any of the paper presented to him; that he could not read it; that he did not have any glasses which enabled him to read it. In view of all this testimony, which was considered by the auditor in making his report, we do not think that a new trial should result because of his ruling as to the admissibility of the testimony when offered in chief.

9. Both the findings of the auditor and the exceptions are numerous; but they all enter into and are controlled by the foregoing rulings. If there was no fraud practiced upon the plaintiff in procuring the arbitration, and he acted upon it and received and accepted benefits thereunder, and delayed for more than seven years to bring any action to vacate the same, it is now too late to set aside the decree and revive the issues of the controversy, which were submitted to the arbitrators for decision. We therefore affirm the judgment of the court.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*