17161.   BARRON & SON *v.* GENTILE BROTHERS COMPANY.

STEPHENS, J.   1. In a suit to recover damages for an alleged breach of contract by the terms of which the defendant was to act as agent for the plaintiff firm and sell a carload of peaches which the plaintiffs had delivered to a carrier, consigned to themselves at the point of destination, and which was at the time en route, where there was evidence to the effect that the person who loaded the car and delivered the peaches to the carrier, and who took the bill of lading therefor, signed the bill of lading in the name of the plaintiff firm by himself as agent, that some of the peaches belonged to the person who loaded the car, some

Contracts, 13 C. J. p. 701, n. 66.
Dismissal and Nonsuit, 18 C. J. p. 1153, n. 34.
Factors, 25 C. J. p. 401, n. 56; p. 404, n. 31; p. 405, n. 33.

to the plaintiffs, and some to another person, that the person who loaded the car was a son of one member of the plaintiff firm and a brother of the other, and had authority to handle the peaches just as he would if they were his own, that he represented the plaintiffs in "handling that matter," that he approached the defendant and said, "I have got a car of peaches I would like to sell you," that the defendant stated that he would handle the car upon a brokerage basis, and this was agreed to, and the bill of lading was left with him, that the person who loaded the car and thus dealt with the defendant gave to the defendant information as to the "pack of the peaches," that the person dealing with the defendant talked to the defendant as "W. W. Barron & Son," the name of the plaintiff firm, and that correspondence about the matter afterwards was addressed by the defendant to the plaintiffs, the inference was authorized that the defendant knew that some of the peaches belonged to the plaintiffs, and that the bill of lading was issued in the name of the plaintiff firm, and the inference is further authorized that the contract was made with the defendant by the plaintiffs through the person dealing with the defendant as the plaintiffs' agent.

2. The inference is authorized that the plaintiffs had the right, as the contracting parties, to maintain the suit against the defendant to recover damages for the entire carload of peaches. *Allen* v. *Southern Ry. Co.,* 33 *Ga. App.* 209 (126 S. E. 722). It was error to grant a nonsuit upon the ground that it was conclusively established that the person who had the negotiations with the defendant was a party to the contract as principal, and that the plaintiffs were not parties to the contract, and that therefore the plaintiffs had not proved their case as laid.

3. The evidence authorized the inference that by the contract sued upon the defendant agreed to act as agent for the plaintiffs, and sell for them a carload of peaches which they had shipped by railroad under a bill of lading issued to them and under which the peaches were consigned to them, to a certain point of destination, that the bill of lading permitted a diversion of the shipment to another point of destination while en route, that by the terms of the agreement the defendant agreed with the plaintiffs to order the railroad to divert the car of peaches from the point to which it had been consigned, to another point agreed on, where it was believed that the market would be more favorable to an advantageous sale of the peaches, that the agent violated this agreement and by mistake ordered the diversion of another car, and did not order the car shipped by the plaintiffs diverted until later, when he discovered this mistake, and when it was too late for the car which should have been diverted to reach the point agreed on in time to permit a sale of the peaches during a high state in the market, and the car did not reach that point until after a fall in the market and after the peaches had deteriorated because of delay en route, to the damage of the plaintiffs.

4. The evidence authorized the inference that the defendant breached the contract, to the damage of the plaintiffs, and it was error to grant a nonsuit.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 24, 1927.

Levy and claim; from city court of Dublin—Judge Bidgood. December 15, 1925.

*S. W. Sturgis,* for plaintiff in error.

*Hightower & New, Hardwick & Adams,* contra.