35028. JORDAN *v.* CHARLES S. MARTIN DISTRIBUTING COMPANY, INCORPORATED.

DECIDED MAY 15, 1954.

188

*Herman R. Austin, E. T. Hendon, Jr.,* for plaintiff in error.
*Charles L. Henry,* contra.

QUILLIAN, J. The court erred in holding that the motion to set the judgment aside came too late to avail Mrs. Jordan as a remedy in protesting that the judgment was void, in that the court, at the time it was rendered, had no jurisdiction of her person. It has been said by our appellate courts that the only difference between a motion in arrest and motion to set aside a judgment is the respective times in which they are required by statute to be made (*Artope* v. *Barker,* 74 *Ga.* 462; *Regopoulas* v. *State,* 116 *Ga.* 596 (1), 42 S. E. 1014), that is, the motion in arrest of judgment must be filed during the same term as that at which the judgment was obtained, while a motion to set aside such judgment may be made at any time within three years after the judgment attacked was rendered. Presiding Judge Jenkins (later Justice of the Supreme Court), in the splendidly worded and well-considered case of *Schofield's Sons Co.* v. *Vaughn,* 40 *Ga. App.* 568 (150 S. E. 569), citing *Ford* v. *Clark,* 129 *Ga.* 292, 294 (58 S. E. 818), written at the time he graced this bench, pointed out that this statement was not entirely accurate because the motion to arrest a judgment could only assail the judgment for defects appearing on its face, while the motion to set a judgment aside may be predicated either on defects appearing upon the face of the record or on those that are de hors the record. It is the rule that the motions are of similar nature and do perform the common function of affording the means of striking down a judgment rendered by a court

not having jurisdiction, and in this respect the difference in the two motions does consist merely of the time in which they may be made. A judgment rendered by a court having no jurisdiction of the person of the defendant, unless the defendant has waived ·jurisdiction, may be set aside on motion of the defendant at any time within three years, the period fixed by Code § 3-702. *Anderson* v. *Turner,* 35 *Ga. App.* 428 (133 S. E. 306).

It will be observed that this case is distinguishable from cases in which a party voluntarily submits himself to the jurisdiction of a court, which otherwise has no jurisdiction of him. In the instant case the nonresident defendant was compelled to file defensive pleadings because she was joined with a resident defendant, and both were named joint tortfeasors. The court had jurisdiction of the resident defendant, and no plea to the jurisdiction was available to Mrs. Jordan. But, when the resident defendant was removed from the case, no basis remained for the jurisdiction of the court under the law. Pleading to the merits when she was legally required so to do, and at a time when the court had jurisdiction, did not constitute a waiver on her part of the court's lack of jurisdiction of her person. *Christian* v. *Terry,* 36 *Ga. App.* 815 (138 S. E. 244); *Central of Ga. Ry. Co.* v. *Brown* (113 *Ga.* 414) (38 S. E. 989, 84 Am. St. R. 250); *Warren* v. *Rushing,* 144 *Ga.* 612 (87 S. E. 775).

The judgment of the trial court sustaining the general demurrer to the nonresident defendant's motion to set aside the judgment against her was erroneous and must be

*Reversed. Gardner, P. J., Carlisle, and Nichols, JJ., concur. Townsend, J., concurs specially. Felton, C. J., dissents.*

Townsend, J., concurring specially. I agree with the majority opinion reversing the case for the reason that the trial court erred in sustaining the demurrer to the motion to set aside the judgment. It will be noted that the trial judge sustained the demurrer on the authority of *Warren* v. *Rushing,* 144 *Ga.* 613, holding that the motion to set aside comes too late. It is my opinion that he intended to refer to *Saffold* v. *Evans,* 136 *Ga.* 375 (71 S. E. 663), which is, in headnote 2 of the *Warren* case, distinguished therefrom. There is nothing in either the *Warren* or *Saffold* case, however, which confines the defendant to any particular remedy in getting out from under a void judgment of

this kind. There are cases holding that it may be done by motion in arrest of judgment, motion to set aside the judgment, and even by affidavit of illegality. *Evans* v. *Garrett*, 72 *Ga. App.* 846 (35 S. E. 2d 387); *Davis-Washington Co.* v. *Vickers*, 41 *Ga. App.* 818 (7) (155 S. E. 92); *Rhodes* v. *Southern Flour & Grain Co.*, 45 *Ga. App.* 13 (3) (163 S. E. 237).

*Saffold* v. *Evans*, supra, relied upon in the dissenting opinion, holds that "the presiding judge did not err in refusing to set aside the judgment which was attacked." That is all it holds. An examination of the original record in that case, however, discloses the facts set out in head note 2 of the *Warren* case. The holding therefore based on the record and the opinion is that, after the resident defendant has been discharged from the case by the sustaining of his demurrer, the nonresident defendant—in the meantime having answered and after the discharge of the resident defendant on demurrer (the nonresident defendant not demurring)—allowing the answer to remain in the record, may not by a motion to set aside the judgment successfully attack such judgment, which goes against him, several terms later. The record also discloses in the *Saffold* case that the nonresident defendant knew about the sustaining of the demurrer of the resident defendant, that he went to the clerk through his counsel and discussed its effect, etc. This was held to constitute a waiver of the lack of jurisdiction of the court over the person of the defendant. There is nothing in the *Saffold* case that says when the defendant must act to get out from under a judgment entered against him under these circumstances. There is nothing in that case which says he must act at all, and the exact question of just what acts or omissions on the part of such a defendant will constitute a waiver is an unknown quantity. In the *Saffold* case the defendants did nothing after knowledge of certain conditions, for a period of two years, and this was held to be a waiver. In *Burger* v. *Noble*, 81 *Ga. App.* 759 (59 S. E. 2d 761), the filing of a motion for new trial after verdict and judgment, thereby invoking a ruling of the trial court on the merits of the case, constituted such a waiver. However, the question of waiver and what conduct it takes to constitute the same is not before the court in this case.

The law is well settled that, when such a suit is filed and a

second original served in the foreign county on a codefendant in the county of residence of the resident defendant, the court acquires jurisdiction of the nonresident defendant and holds that jurisdiction until it is determined by the trial or otherwise that there is no case against the resident defendant; that, upon the rendition of a judgment discharging the resident defendant, the court loses its jurisdiction over the nonresident, and no valid judgment can be entered against him for want of jurisdiction. *Warren* v. *Rushing,* supra. There is one exception to this rule, and that is when the nonresident defendant by his conduct in some way waives the lack of jurisdiction of the court over his person.

Inasmuch as there is a legal way for the court to enter a legal and binding judgment against such a defendant, it must be presumed that the judgment entered against him was valid, it being presumed that the court discharged its duty in compliance with law until the contrary is shown. *Truluck* v. *Peeples,* 1 *Ga.* 1. On demurrer, therefore, it is necessary for the motion to set aside the judgment to show that the defendant is a resident of a county other than that in which the suit is pending; that he was joined with a defendant who was a resident of that county; that the case terminated favorably to the defendant who was a resident of the county where the suit was pending, and that he has not waived the lack of jurisdiction of the court over his person in said case. All of these facts appear from the petition in this case. As to the lack of waiver, paragraph 3 of the motion is as follows: "Movant shows that she never waived jurisdiction of the person but had to plead to said case because she was served by second original by the Sheriff of Cherokee County." It is suggested that, since this allegation contains both the fact that she never waived jurisdiction and the contention that her pleading to the merits under the circumstances did not amount to such a waiver, this whole allegation as to waiver must be confined only to the proposition that her filing an answer did not amount to a waiver. I do not agree with this contention, and therefore feel that the trial court erred in sustaining the demurrer.

If this contention is upheld by the whole court and the case affirmed, I think that this court, in order to prevent a miscarriage of justice by reason of a technicality in pleading, should

in the exercise of its power direct that the judgment of the trial court be set aside and the motion to vacate and set aside the judgment be reinstated so as to allow an amendment within a specified time in which to properly allege a lack of waiver.

FELTON, C. J., dissenting. The third paragraph of the motion to set aside the judgment is as follows: "Movant shows that she never waived jurisdiction of the person but had to plead to said case because she was served by second original by the Sheriff of Cherokee County." Construing this paragraph most strongly against the plaintiff, it means only that jurisdiction of the person of the plaintiff was not waived by her filing defensive pleading. This allegation is not sufficient as against the demurrers filed because the petition does not allege that the petitioner did not in any way submit to the jurisdiction of the court by alleging that she did not in any way waive the court's lack of jurisdiction of her person. She could have waived it by going on with the case after the resident defendant obtained a nonsuit, and by being present and making no motion to dismiss after knowledge of the nonsuit as to the resident defendant. Filing defensive pleadings, which the petitioner was legally authorized to file without waiving the court's lack of jurisdiction, was not the only way in which she was obliged to allege that she did not waive the court's lack of jurisdiction of her person. *Christian* v. *Terry*, 36 *Ga. App.* 815; *Burger* v. *Noble*, 81 *Ga. App.* 759. See especially the Supreme Court's construction in *Warren* v. *Rushing*, 144 *Ga.* 612 (2), of the ruling in *Saffold* v. *Evans*, 136 *Ga.* 375. I think that the trial judge correctly sustained the demurrers to the petition to set aside the judgment.