18626. WILLIAMS v. NORTHERN STATES ENVELOPE COMPANY, INC., et al.

WYATT, Presiding Justice. Northern States Envelope Company and E. S. Sanford filed their suit in equity against W. C. Williams, alleging in substance that Williams, a former employee, had taken possession of certain books and papers, the property of the plaintiffs, and that he had collected money belonging to the plaintiffs and appropriated same to his own use. Williams answered contending that he was a partner of E. S. Sanford in the business transactions in question, and by way of cross-bill sought to recover a money judgment against the plaintiffs. The prayers included a prayer for injunction, a receiver, an accounting, and the appointment of an auditor. An auditor was appointed and his findings in substance were that no partnership existed; that Williams had appropriated to his own use $12,734.19, and, as a matter of law, Northern States Envelope Company was entitled to a judgment against W. C. Williams for $12,734.19. There were other incidental findings of law and fact. Williams filed exceptions to these findings by the auditor. The trial judge overruled the exceptions filed by Williams and rendered final judgment against him and in favor of Northern States Envelope Company for $12,734.19. The exception here is to that judgment. *Held:*

1. "In an equity case, exceptions of fact to an auditor's report are to be submitted to a jury only when approved by the trial judge; and an order overruling such exceptions will not be reversed by this court if the findings of the auditor are supported by any evidence, even though the evidence may be conflicting. In this case the evidence supported the auditor's findings of fact, and there was no abuse of discretion in overruling the exceptions." *Mitchell* v. *Turner*, 190 *Ga.* 485 (9 S. E. 2d 621). The instant case is an equity case, and the evidence is conflicting. It follows, there was no error in overruling the exceptions of fact.

2. There is no merit in the exceptions to the findings of law by the auditor, since the findings of law are sustained by the findings of fact.

3. The plaintiff in error in his brief in this court attempts to question the legality of the appointment of the auditor. No such question was raised in the trial court. This court has so many times pointed out that this court is a court of review, and that questions not raised in the trial court can not be considered by this court, until we deem it unnecessary to cite again authority for this well-settled proposition.

4. It follows from what has been said above, the judgment of the trial court must be

*Affirmed. All the Justices concur.*

ARGUED JUNE 15, 1954—DECIDED JULY 13, 1954—
REHEARING DENIED JULY 27, 1954.

*J. Sidney Lanier,* for plaintiff in error.
*Matthews & Hendrix, Don V. Hinrichs,* contra.