45723. YOUNG v. FORESTER.

PANNELL, Judge. This is an appeal from the overruling of a motion for new trial on the verdict of a jury finding there had been an accord and satisfaction between the parties to the litigation then pending. There was a motion to dismiss the appeal because of delay in transmitting the appeal due to delay in

paying the lower court costs. On the merits, the sole question for determination is whether there was sufficient evidence to authorize the verdict of the jury and whether the trial court erred in refusing to direct a verdict for the appellant finding there was no accord and satisfaction. The evidence discloses that an offer was made by the creditor appellant to the defendant debtor to accept the principal amount of the debt without interest and one half the auditor's fees and one half the court costs incurred in the litigation. This offer was accepted in writing but conditions were attached thereto that the creditor reconvey the property described in the security deeds and as stated in the letter of acceptance: "Of course, this conveyance must be a clear marketable title and free of all liens. There is of record in Rabun County Deed Records a security deed to Citizens Bank of Gainesville, Ga. made by Mr. Young which must be canceled of record. We want to close this on or before July 1, 1969 and our ability to do this will depend on his being able to clear up this deed to Gainesville Bank." The intermediary acting between the parties at the creditor's request, gave the creditor a copy of the letter and the creditor stated that he would take it under advisement and later refused to carry out the terms of settlement before a tender was made in payment of the debt according to the terms of the settlement. *Held:*

1. The notice of appeal was filed on July 11, 1970. The clerk certifies that he "sent" a bill for costs to the attorney for the appellant on July 20, 1970. The attorney for the appellant contends that he received no bill, but did send the appellant to the clerk's office to find out the amount of costs and to pay the same. The costs were paid on August 5, 1970, and the case docketed in this court on August 18, 1970. Assuming, without deciding (as we cannot determine issues of fact in this court), that the costs should have been paid on the day the clerk "sent" the bill for costs, there was a delay of fifteen days in paying the same. In our opinion, this is not such a delay as would be ground for dismissal. We know of no case in this court or the Supreme Court in which such a short delay has been a ground for dismissal.

2. "Accord and satisfaction is where the parties, by a subsequent

agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." *Code* § 20-1201. It does not appear that the agreement here comes under the provisions of the last sentence of the above section, but comes under the first sentence. Accordingly, since it appeared without contradiction that the agreement was not consummated by payment of the amount agreed upon, prior to the creditor's rejection of the proposal, there has been no accord and satisfaction. See *Rural Electric Appliance Co. v. Joiner,* 69 Ga. App. 353 (25 SE2d 428); *Barron & Son v. Gentile Bros. Co.,* 36 Ga. App. 459 (137 SE 106). The agreement here, assuming there was one, was only an executory agreement to effect an accord and satisfaction. See in this connection *Hewlett v. Almand,* 29 Ga. App. 392 (115 SE 501).

3. Furthermore, the acceptance of the proposal made by the creditor was conditioned upon certain things being accomplished. It therefore follows that even if we applied the second sentence in the above Code section, our holding would be the same, as there was no meeting of the minds of the parties and no agreement.

4. The trial court erred in refusing to direct a verdict in favor of the creditor on the issue of accord and satisfaction.

*Judgment reversed. Jordan, P. J., and Eberhardt, J., concur.*

Submitted October 6, 1970—Decided October 23, 1970.

*John N. Crudup,* for appellant.
*Ed M. Keener,* for appellee.