## 28755. FORESTER v. YOUNG.

Per curiam.

This case involves the validity of a sale under power contained in a security deed.

The appellant, G. M. Forester, executed first and second deeds to secure debt on his property. The first was executed on November 1, 1951, to the Piedmont College Endowment Fund ("Piedmont") to secure a loan of $3,250, due November 1, 1959. The second was executed to Louis M. Young on August 20, 1954. The second deed and underlying note both recited that they had been given for a consideration of $1,947.52 and were due August 20, 1955. Forester defaulted on both debts.

On May 15, 1962, Piedmont assigned its first security deed to Young, who on June 1, 1962, assigned it to the Cornelia Bank for a $2,500 loan.

Although the record does not show the date, Young advertised, apparently in July, 1962, that the property

would be sold under power, the sale apparently scheduled sometime in August, 1962. The record does not show under which deed Young was attempting to act or whether he was attempting to sell under powers contained in both deeds.

Forester then petitioned the Superior Court of Rabun County on July 30, 1962, to enjoin the sale, naming Young and the Clerk of the Superior Court of Rabun County as defendants (case No. 537). He alleged (1) that Young was proceeding under powers contained in both deeds; (2) that Young was no longer the holder of the first deed; (3) that Young had given no consideration for the second deed; and (4) that Young had procured the second deed by fraudulently representing to Forester that he would use the deed to effect a private sale of the property as Forester's agent. Forester asked further that the second deed be canceled.

The court's order of August 6, 1962, recited the fact that the Cornelia Bank, not Young, was the holder of the first deed and then ordered that Young is "hereby restrained and enjoined from selling at public sale the land described in said security deed of November 1, 1951, until further order of the court or until final disposition of said case." The order did not mention the second security deed.

After this restraining order issued, the Cornelia Bank, as holder of the first deed, advertised the property for public sale to be held in October, 1962. The Bank's Chairman of the Board, Cliff C. Kimsey, was the only bidder at the sale and bid in the property in his own name for $2,500. The bank, under its power, conveyed from Forester to Kimsey, who in turn executed a quitclaim deed to Young. Young paid the bank $3,433.96 for the quitclaim deed, which amount represented the indebtedness under the deed on the date of the sale plus the bank's expenses and a profit on the sale.

In February, 1963, Young instituted dispossessory proceedings against Forester who filed an amended counter-affidavit and cross bill (case No. 566) in which he asked (1) that the sale be set aside; (2) that both deeds be canceled; and (3) that Kimsey and the Cornelia Bank be joined as parties.

Forester alleged in support of his cross bill (1) that the Cornelia Bank, acting through its agent Kimsey, had conspired with Young to sell the property for Young's benefit in circumvention of the restraining order; (2) that prior to the sale Forester had offered to redeem the property for $4,000 but that the bank refused, thereby relieving him of his obligation to tender; and (3) that the sale yielded a totally inadequate price.

The trial court consolidated the two cases and appointed an auditor on November 21, 1966. This was apparently also the date on which Forester filed a plea of accord and satisfaction based on negotiations occurring in 1965. The auditor then heard the evidence and made his report, dated September 22, 1967, in which he made the following findings of fact.

Case No. 537: (2) Young gave good and valuable consideration for the second deed; (3) because the second deed and underlying note are regular on their face and because Forester's signatures thereto are admittedly genuine, he had the burden of showing fraud by clear and convincing evidence, which burden he failed to meet; and (4) there were insufficient facts to void the second deed.

Case No. 566: (2) the trial court having disallowed the plea of accord and satisfaction, Forester made no attempt at the auditor's hearing to have the plea allowed; (3), (4), (5) even if the issue were properly before the auditor, the evidence did not support a finding of accord and satisfaction; (6) there was no conspiracy between Young and the Cornelia Bank, acting through its agent Kimsey, and the bank was acting on its own interests in purchasing the property at the sale, (7) Young gave valuable consideration for the second deed and committed no fraud in its procurement; (8) there was no evidence that Young was acting as Forester's agent when he procured the second deed; (9) although the undisputed evidence shows that the fair market value of the property was at least $4,000, there is no evidence to show that the sale was unfairly executed or that it was chilled; (11) although on the day of the sale Forester offered to redeem the property for $4,000, he made no valid tender to the bank, nor had he done so up to the time of the hearing; (12) there was no illegal conspiracy between Young and

the Cornelia Bank relative to Young's assignment of the first deed to the bank; and (13) there is no basis to cancel the deeds nor facts under which the sale could be declared null and void and set aside.

The auditor recommended that the retraining order be dissolved and found that Forester should be dispossessed. However, he specifically left for the trial court's determination the issue of whether Young and the Cornelia Bank violated the restraining order. Forester then filed exceptions to the report covering all the above findings.

On July 10, 1969, before a ruling was made as to the exceptions, Forester filed a second plea of accord and satisfaction based on transactions which occurred in May, 1969. The issue was submitted to a jury and a verdict rendered for Forester. Young appealed to the Court of Appeals which reversed the judgment of the trial court, holding that a directed verdict should have been entered for Young. *Young v. Forester,* 122 Ga. App. 679 (178 SE2d 340).

The trial court then authorized a jury trial as to "all exceptions and issues," except the issue of accord and satisfaction as determined by the Court of Appeals. The trial court later withdrew the entire case from the jury on the grounds that (1) the exceptions were not properly classified as to law and fact; (2) those portions of the record relevant to the exceptions had not been separated from the irrelevant portions; and (3) the issue of accord and satisfaction had been finally settled by the Court of Appeals.

After a hearing, the court held that the preponderance of the evidence sustained the auditor's findings and ordered that his report be sustained. Forester appeals from this order.

Upon the death of Louis Young, the executrix of his estate, Mary G. Young, was substituted as a party and has filed a motion to dismiss the appeal.

1. The motion to dismiss the appeal is denied.

2. The trial court did not err in disapproving the appellant's exceptions to the auditor's report and in refusing to submit the questions of fact therein to a jury.

"In an equity case, exceptions of fact to an auditor's

report are to be submitted to a jury only when approved by the trial judge; and an order overruling such exceptions will not be reversed by this court if the findings of the auditor are supported by any evidence, even though the evidence may be conflicting." *Mitchell v. Turner,* 190 Ga. 485 (3) (9 SE2d 621). See also *Horkan v. Great American Indemnity Co.,* 211 Ga. 690 (3) (88 SE2d 13); *Williams v. Northern States Envelope Co.,* 210 Ga. 787 (1) (82 SE2d 830); *Grant v. Grant,* 202 Ga. 40 (3) (41 SE2d 534).

A review of the transcript of the auditor's hearing shows that all his findings of fact are supported by some evidence.

3. In the order sustaining the auditor's report the trial court specifically passed on some but not all of the appellant's exceptions to the report. Appellant's contention that the trial court erred in not specifically passing on all the exceptions is without merit.

In *Murray v. Hawkins,* 144 Ga. 613, 621 (87 SE 1068), exceptions to an auditor's report in an equity case were filed and tried by the court without a jury. This court said that "as the court found against all exceptions of fact, this was tantamount to their disapproval. . . ," and held that the trial court was not required to pass on each exception seriatim.

4. Appellant contends that the Cornelia Bank and Young violated the order restraining Young from selling the property described in the first deed and that on this ground the sale should be set aside.

The restraining order issued solely on the basis of the appellant's complaint in which he alleged that Young was threatening to sell under powers contained in both deeds. The only ground urged in the complaint for enjoining Young from selling at a public sale under the first deed was that Young was no longer the holder. With respect to the second deed the complaint alleged fraud in its procurement and lack of consideration. Young never assigned the second deed, and no contention is made that the Cornelia Bank sold under power contained in the second deed.

Reading the complaint and order together, the only ground on which the order issued with respect to the first

deed was that Young was no longer the holder, having previously assigned it to the bank. The order, therefore, showed no reason why it should run against anyone other than Young, and it did not prohibit the bank from foreclosing on the property.

Furthermore, the auditor specifically found that the bank acted in its own interests and did not act in concert with Young. Accordingly, the bank was not in violation of the order when it sold the property under its power.

5. The auditor found that the property's fair market value at the time of the sale was at least $4,000, well above the sale price of $2,500. The appellant contends that inadequacy of price alone constitutes ground for setting the sale aside.

In *Giordano v. Stubbs,* 228 Ga. 75, 79 (184 SE2d 165), the grantor of a deed to secure debt had defaulted on an indebtedness of $30,900. The grantee, who had assigned the deed, subsequently reacquired it and sold the property under power. He bid the property in for $35,000, and the evidence showed it had a fair market value of $100,000 to $250,000. The plaintiffs, who had previously acquired the property subject to the deed, sued to have the sale annulled. This court held that "[i]nadequacy of price paid upon the sale of property under the power will not of itself and standing alone be sufficient reason for setting aside the sale. It is only when the price realized is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price that such a sale may be set aside by a court of equity."

The auditor's findings show that no such "other circumstances" contributed to bringing about the inadequacy of price. He found that there was no conspiracy between Young and the Cornelia Bank and that the sale was neither chilled nor conducted unfairly.

The appellant, however, cites the case of *Plainville Brick Co. v. Williams,* 170 Ga. 75, 86 (152 SE 85), in support of his argument that the sale was unavoidably chilled because the injunction suit against Young was still pending at the time the bank sold under power. In

that case a petition was filed seeking to enjoin the holder of a security deed from selling under power. After a rule nisi issued, but before any restraining order was granted, the holder sold under his power. This court held that the sale was chilled, saying that "the pendency of this petition was a threat and a menace to the title of any purchaser at the sale, and would naturally tend to cause the property to sell for less than its value."

The court in *Plainville Brick Co.*, however, based its holding on the doctrine of lis pendens as it stood prior to the enactment of the lis pendens Act of 1939, Code Ann. § 67-2801. Under the old doctrine, the mere fact that a suit involving the property was pending constituted notice to the whole world of the claimant's rights in the property. With the enactment of Code Ann. § 67-2801, however, a purchaser is not charged with notice of a pending suit unless a notice of pendency is filed and entered on the lis pendens docket in the court where the land lies. The record in this case does not indicate whether any such notice was filed.

Furthermore, no litigation was pending against the Cornelia Bank challenging its right to foreclose under the first deed, and the validity of the deed itself had not been challenged. The restraining order recited that the Cornelia Bank, not Young, was the holder and effectively clarified the fact that if the power of sale were to be exercised, it could only be exercised by the Cornelia Bank.

The appellant's contention is therefore without merit.

*Judgment affirmed. All the Justices concur.*

Submitted March 25, 1974 — Decided June 12, 1974.

G. M. Forester, *pro se, Ed M. Keener,* for appellant. *John N. Crudup, Herbert B. Kimzey,* for appellee.